## JOHN S. HOOK, *et al.,* v. WILLIAM N. BIXBY.

1. STATUTE OF LIMITATIONS; *Rule of Construction.* Where lumber is sold on the 19th of February, 1870, and the debt thereby created becomes due on that day, but is not paid, the party to whom the debt is payable may bring his action therefor on the 19th of February, 1873.

2. ———— In such a case the time within which the creditor may commence his action is computed by excluding the first day and including the last.

3. WITNESS; *Survivor of Contracting Parties, incompetent.* Where certain persons purchase lumber on credit from a firm composed of three persons, and afterward one of the members of the firm dies, and another member of the firm becomes the owner of the partnership assets, including said debt for lumber, and the last-named member of said firm sues the purchasers of said lumber for said debt, *held,* that neither of the defendants can testify in such suit in his own behalf concerning any transaction or communication had personally by such defendant with the deceased member of said firm.

*Error from Doniphan District Court.*

ACTION by *Bixby,* as plaintiff, against *Hook* and three others, on an account originally accruing in favor of a firm composed of said *Bixby* and Wm. D. Beeler and John S. Beeler. Said Wm. D. Beeler died before the trial, which was had at the March Term 1873, of the district court. Finding and judgment in favor of the plaintiff for $208.68. The defendants bring the case here on error.

*F. M. Keith,* and *Nathan Price,* for plaintiffs in error:

1. Upon the facts the court should have held the action barred by the statute of limitations. The action clearly comes within the second subdivison of § 18 of the code, and by its terms must be brought within three years from the time the right of action accrued. This right of action clearly accrued on the 19th of February, 1870, and by our law if the plaintiffs did not pay on that day, but left defendant's mill with the lumber, he could immediately have commenced an action by attachment against them. Now the action must be brought within three years from the time the right accrues. The term "within," as defined by Webster, means, that which is *inside* of certain limits. Now what time is within a year, bearing in mind that the law takes no cognizance of fractions of a day? Suppose this lumber had been bought by plaintiffs in error on the 1st day of January, 1870, when would the year expire? Certainly on the 31st of December following. The year begins on the 1st of January and ends on December 31st, says the almanac. Then how can any other time be within the year? and can the case be altered if the right of action accrues on the 19th of February instead of the 1st of January? And we think the authorities fully sustain this view. See Angell on Limitations, § 44. There are some authorities which would seem to view the law differently, but these rest upon a different state of facts, as where the party to whom the right of action accrues was not privy to the facts. Angell on Lim., §§ 47, 49; 9 Cranch, 120.

2. The court erred in the exclusion of the testimony of Springer and the other witnesses as to the settlement with Beeler. The only authority for excluding this testimony is § 322 of the civil code. That section would exclude these witnesses, if Bixby had acquired title to the cause of action immediately from Beeler, deceased; but in this case a part of this claim always was in Bixby. He only derives a third interest in it from his deceased partner. The court went beyond the letter of the law in excluding this testimony, and we do not believe that the ends of justice are promoted by courts going beyond the law to suppress the truth.

3. The third objection is, that on the facts shown plaintiffs in error were not individually liable. Their evidence shows that there was a church organization in White Cloud, known as the Christian Church; that they were erecting a church building, and had appointed a building committee, consisting of plaintiffs in error and Beeler, the deceased partner of Bixby; that said deceased partner was the treasurer of said committee, and made the collections of the money which had been subscribed to aid in the erection of the building. Now when this building was completed, to whom would it belong? Certainly to the Christian Church of White Cloud. If any of these plaintiffs in error the next morning after the completion of the building had been guilty of any violation of the rules of the church, could they not have been kicked out? and could any one of them claim that he had any right or interest in the church building? It certainly seems to us that in addressing a court so familiar with church discipline as this, it is useless to refer to authorities, but we would cite the court to *Chase v. Cheney*, 10 Am. Law. Reg., N.S., 295, and to *Gartin v. Penick*, 9 Am. Law Reg., N.S., 210; 5 Bush., 110; 58 Ill., 509.

*Albert Perry*, for defendant in error:

1. Advantage was sought to be taken of the statute of limitations by a motion to dismiss. Defendant in error submits that advantage can only be taken of the statute, 1st, by

demurrer; 2d, by answer, or 3d, by an objection to the introduction of testimony under the petition, which is in fact a demurrer: Angell on Lim., § 285; 5 Kas., 134.

Under the earlier decisions an action accruing on the 19th of February 1870, could not be sued on the 19th of February 1873; but the weight of modern authorities is, that the first of these days should be excluded in the count, and the last included. See Angell on Lim., §§ 43 to 50, and authorities cited in notes to § 50. By our statute the first day is to be excluded in the count. Civil code, § 722.

2. Upon the question of the admissibility of testimony offered by defendants below, we submit that the testimony was properly excluded. Bixby was surviving partner and assignee of the firm of W. D. Beeler & Sons, of which firm W. D. Beeler had deceased. Under § 322 of the code the proffered testimony was properly excluded.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on an account. It was commenced in a justice's court, appealed to the district court, and then brought on petition in error to this court. It is uncertain what questions are really presented to us for our consideration. No case was made for the supreme court, as might have been done under the statutes enacted for that purpose; (Gen. Stat., 737; Laws of 1870, p. 169; Laws of 1871, p. 274;) and hence it would seem that the whole record should have been brought to this court. But the pleadings however are not brought to this court; the record does not purport to contain all the evidence; and while a motion was made to set aside the findings of the court below, and for a new trial, yet the record brought to this court does not show upon what ground such motion was founded, or upon what ground the new trial was asked. The trial in the court below was before the court without a jury. The court made a general finding for the plaintiff below, defendant in error, and made no special findings; nor was the court asked to make special findings. The judgment was rendered in accordance with said

general finding. Now we cannot reverse said judgment on the ground that it is not sustained by sufficient evidence when we have not got all the evidence, and when no motion was ever made to set aside said judgment or finding on the ground that it was not sustained by sufficient evidence.

It is claimed that the cause of action was barred by the statute of limitations; but the only way in which the question was raised in the court below was by a motion made to dismiss the action. Now, if any item of the account sued on was not barred, then this motion should have been overruled. In fact, unless the plaintiff's pleading showed affirmatively upon its face that every item of the account was barred, the motion could not be sustained. This motion was made in the district court after a trial had already been had upon the merits of the action in the justice's court. And after the motion was overruled both parties again proceeded to a trial upon the merits of the action in the district court. But the cause of action was not barred. Or at most, the last items thereof were not barred. The cause of action accrued, as is claimed and admitted, on February 19th, 1870, and the action was commenced on February 19th, 1873. Our code of civil procedure provides that "Civil actions, other than for the recovery of real property, can only be brought within the following periods *after* the cause of action shall have accrued, and not afterward; * * * *Second*, Within three years: An action upon contract, not in writing, express or implied." (Gen. Stat., 633, § 18.) And the same code provides that "The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." (Gen. Stat., 771, § 722.) The action in the present case was founded upon an account for lumber sold. Now suppose the lumber to have been sold on any hour of the day of February 19th, 1870, and suppose the action to have accrued on the very hour that the lumber was sold. Then according to the letter of the statute of limitations the plaintiff would have had until the same hour of the day of Feb-

*1. Statute of limitations.*

*2. Rule of construction.*

ruary 19th, 1873, within which to commence his action; for
the three years could not expire sooner. If, for instance, the
lumber was sold at noon of February 19th, 1870, the plain-
tiff would have, according to the letter of the statute, until
noon of February 19th, 1873, within which to commence his
action, for three years could not elapse before that time. Now
as the plaintiff, in the case supposed, has a half of the first
day in which to sue and a half of the last day in which to
sue, the statute for the computation of time comes in and says
that the time within which the plaintiff may sue shall be
computed by excluding the whole of the first day and includ-
ing the whole of the last. That is, he may have the whole
of the last day within which to sue instead of the half or any
other part of that day only. This is reasonable, and it is in
accordance with the statutes, and it is probably in accordance
with the weight of authority. (See 2 Parsons on Contracts,
662 to 664; Angell on Limitations, §§ 42 to 50, and cases
there cited.) Any other rule would shorten the statute of
limitations. But in the present case although the lumber
was sold on February 19th, 1870, yet it is not very clear
that the debt thereby created became due on that day. Prob-
ably, however, it did.

This action was on an account for lumber sold by Wm. D.
Beeler & Sons to the defendants. The firm of Wm. D. Beeler
& Sons was composed of Wm. D. Beeler, John S. Beeler, and
William N. Bixby. There was evidence introduced tending
to show the following facts, to-wit: Wm. D.
Beeler died, and his interest in the assets of the
firm including said account, was sold at public
sale to the plaintiff below, defendant in error. It seems to
be admitted that the plaintiff is now the owner of the whole
of said account, but how he became the owner of the interest
of John S. Beeler is not definitely shown. Nor is it shown
who sold the interest of Wm. D. Beeler, deceased. We sup-
pose however that the sale was all regular, as no question has
been raised concerning it in this court. After the foregoing
evidence was introduced then one of the defendants was put

*3. Witness; com-
petency of
survivor of
contracting
parties.*

upon the witness stand, and it was attempted to be proved by such witness that the defendants had a settlement with said Wm. D. Beeler in his lifetime, and that according to that settlement the defendants owed only $34 on said account, instead of $172.47 as claimed by the plaintiff. The plaintiff objected to the evidence on the ground that it was incompetent under § 322 of the civil code, (Gen. Stat., 691,) and the court sustained the objection. The defendants claim that this ruling was erroneous. We are inclined to think however that the ruling was correct. Said section provides as follows:

"SEC. 322. No party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party." * * *

The construction given to said section by the court below certainly comes within the spirit of said section, and we are inclined to think that it also comes within the letter of the section. Of course, a different construction might be given to said section, for it is manifestly ambiguous in two or three respects, but the true construction is, we think, the one given it by the court below.

The third point made in the brief of counsel for plaintiffs in error is not presented by the record brought to this court. The remarks we made at the beginning of this opinion will apply to that point and will be a sufficient discussion thereof. Judgment affirmed.

All the Justices concurring.