No. 31,358

STELLA RAY, *Appellee*, v. THE CITY OF WICHITA, *Appellant*.

(27 P. 2d 288.)

Opinion filed December 9, 1933.

*Vincent F. Hiebsch* and *K. W. Pringle,* both of Wichita, for the appellant. *Fred Hinkle,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the interpretation of R. S. 12-105, which provides in substance that no action can be maintained against a city on account of injury to person or property unless the person or corporation injured shall within three months thereafter file with the city clerk a written statement giving the time and place of the happening of the accident or injury received and the circumstances relating thereto.

In her petition Stella Ray alleged that at 10:30 a. m. on March 7, 1932, she was injured when she stepped into a hole in the sidewalk, six inches deep, twelve inches wide, and eighteen inches long, which she did not see because it was covered with loose snow, and by reason of which she fell and suffered serious injuries for which she sought damages caused by the negligence of the city. As seen, the injury was sustained at 10:30 a. m. on March 7, 1932, and her claim was filed with the city clerk on June 8 following, the hour not stated.

On a demurrer the court held that the notice was served in time and overruled the demurrer. The city appeals and contends that the time commenced to run on March 7, 1932, and that June 7, 1932, was the last day in the three-months period.

On the other hand, the plaintiff contends that under the statute for the computation of time she had until June 8, the full three-months period, to file her claim.

In the statute relating to claims against a city for damages, it is provided that:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto. Such city shall have thirty days from the time of the filing of such statement to make settlement with the claimant if it so desires." (R. S. 12-105.)

How shall the three-months period given for the filing of the claim be computed? A statutory rule for computation of time has been prescribed by the legislature. It is:

"The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." (R. S. 60-3819.)

It would seem that there should be little difficulty in applying so simple a rule to a stated period of time within which an act should be done. But the cases cited and others found in the books show different views as to the counting of time. This has been expressed by Lord Mansfield in *Pugh v. Duke of Leeds*, 2 Cowper's Reports, 714. After reviewing many conflicting decisions Lord Mansfield said:

"Thus stood all the authorities down to the year 1743; a period of two hundred years; not much to the honour of the learned in Westminster-hall, to embarrass a point which a plain man of common sense and understanding would have no difficulty in construing." (p. 722.)

In determining the question he said, among other things, that consideration should be given to the context and subject matter and it should be construed so as to effectuate the deeds of the parties and not to destroy them.

To avoid as far as possible difficulty in the counting of time, the statute quoted was enacted. In the early case of *Hook v. Bixby*, 13 Kan. 164, where the statute of limitations was involved in the bringing of an action on a claim where lumber was sold on the 19th of February, 1870, on which there was a three-year limitation to sue, it was held under the statute for computation that the plaintiff had until February 19, 1873, in which to commence his action. This was applied on the theory of excluding the first day and including the last, but not by excluding the first and last.

In another case, *English v. Williamson*, 34 Kan. 212, 8 Pac. 214, the question was again considered where there had been a sale for taxes and that redemption might be made within three years from the date of sale. The sale was made on September 4, 1878, and the statute provided that redemption may be had at any time within three years from the date of sale. Under the statute it was held that plaintiff had all of the 4th day of September within which to redeem his lots from taxes, and that in computing the three-years time the day of sale should be excluded. As the last day of the three-year period was on Sunday, he had the right to redeem until September 5, 1881. It was said:

"If Sunday in such a case is not excluded, the owner of the property would not have the full three years given to him by statute within which to redeem his property from the taxes; while the statutes in express terms give him that time, and more than that time. It is three years and until the execution of the tax deed which is given to him by the statute within which to redeem his land from the taxes." (p. 216.)

In that case the redemption notice required the owner to redeem on September 3, 1881, and hence it was held to be erroneous and did not give him the full time to redeem his property from the taxes. The notice was therefore held to be erroneous.

In *Parkhill v. Town of Brighton,* 61 Ia. 103, the question arose on the taking of an appeal which was to be perfected within six months after judgment. The judgment was rendered March 30 and was perfected September 30. As March had thirty-one days it was contended that the appeal had been taken more than six months and was more than the time granted for appeal. The court held that the calendar months are to be computed by reckoning from a given day to a day of the corresponding number, if there is one, and that from the 30th day of March to the 30th day of September was exactly the time given. (See, also, *Glore v. Hare,* 4 Neb. 131; *De Bang v. Scripture,* 168 Mass. 91; *Briggs v. City of Geneva,* 90 N. Y. Supp. 858; *Lester v. Garland,* 15 Vesey, Jr., 248.) Some of the cases cited were decided on general principles and not on a statute fixing computation of time.

The court concludes that as the accident occurred March 7 and that as the claim statement was not presented and filed with the city clerk until June 8 the claim was not filed within three months, but was one day late, and hence the judgment must be reversed. It is so ordered.

JOHNSTON, C. J. (dissenting): Simple as the proposition involved is, I am unable to concur in the conclusion reached by the court. The time limit given for filing the claim statement is three months, no more or less. The accident occurred at 10:30 in the forenoon of March 7, and the limitation, as we have seen, provides that within three months thereafter, not two and three-fourths months, the claimant must file the statement. The accident occurred at 10:30 in the forenoon of March 7, but under the limitation time is to be reckoned by months, and three months, of course, must be three calendar months. All the authorities agree that the limitation of time for filing cannot be shortened or extended by the method of counting. Under the rule of the statute for the computation of time, the first day must be excluded. Excluding the first day, the three-months period given for the filing began to run on March 8. Excluding the first day and including the last three months thereafter would be the 8th day of June, the day the claim was actually presented

by plaintiff. Excluding the first day, one month would terminate the 8th day of April, the second, on the 8th of May, and the third on the 8th of June.

In *Hook v. Bixby*, supra, relied on by plaintiff, which involved the period of the statute of limitations, it was said that a rule of computation cannot shorten the statute of limitation. Supposing a case where a cause of action arose under a sale of merchandise at noon of January 19, 1870, the three-year statute of limitation would, under the strict letter of the statute, run until noon of February 19, 1873. Upon that theory plaintiff would have until noon of February 19, 1873, to commence his action, and that three years would not elapse before that time.

"Now as the plaintiff, in the case supposed, has a half of the first day in which to sue and a half of the last day in which to sue, the statute for the computation of time comes in and says that the time within which the plaintiff may sue shall be computed by excluding the whole of the first day and including the whole of the last." (p. 169.)

*James v. Manning*, 79 Kan. 830, 101 Pac. 628, involved a tax-sale certificate assigned on the 18th day of March, and the issuance of a deed to the holder on the 18th day of September following. It was held that the deed under the provision fixing the computation of time was prematurely issued. In deciding the case the court said:

"The certificate was assigned March 18, and the deed was issued on September 18 following. Was the deed prematurely issued? Had the six months expired before the day upon which the deed was issued? It is the manifest intent of the statute to give the owner of land full six months after the assignment of the certificate in which to redeem before being finally cut off by the execution of a deed, and the language of the statute should be liberally construed with the view of preserving the owner's right in this respect. We think the statutory rule that the first day should be excluded and the last day included (Civ. Code, par. 722), is applicable here. Under this rule the deed was issued before the expiration of six months after the assignment of the certificate, and is, for that reason, void." (p. 833.)

See, also, *In re Holmes*, 165 Fed. 225, in which it was held that under the common-law rule a bankrupt was required to take certain action for a discharge within twelve months, subsequent to being adjudicated a bankrupt, and that under the rule excluding the first day he had a year and a day from the date of adjudication and that counting time under the rule that was the earliest permissible time for filing the application. It has been ruled that one month means one calendar month, to be counted by excluding the first day and

including the last so that if the adjudication was made on March 7, an application filed on April 7 would be premature. Compare *Matthews v. Arthur,* 61 Kan. 455, 59 Pac. 1067.

In my view the plaintiff's claim statement filed on June 8 was in time and entitled her to maintain the action.

HUTCHISON, J., not sitting.