No. 48,402

Linda Barnes, *Appellant,* v. Clarence Gideon, *Appellee.*

(578 P.2d 685)

Opinion filed May 6, 1978.

*Dennis Taylor,* of Topeka, argued the cause, and *James P. Nordstrom,* of Fisher, Patterson, Sayler & Smith, of Topeka, was with him on the brief for appellant.

*Charles Rooney, Sr.,* of Rooney, Rooney & Christey, of Topeka, and *James M. Macnish, Jr.,* of Rost, Rost & Macnish, was with him on the brief for appellee.

The opinion of the court was delivered by

Holmes, J.: This is an appeal by plaintiff-appellant from an order of the district court granting summary judgment on the grounds plaintiff's action was not timely filed. The Court of Appeals in a two-to-one decision affirmed the trial court and we granted review of the decision of the Court of Appeals. (1 Kan. App. 2d 517, 571 P.2d 42, decided August 5, 1977.)

The essential facts are not in dispute.

Plaintiff filed an action for an accounting and recovery of damages alleging defendant breached his fiduciary duties when he served as guardian (conservator) of plaintiff's estate.

Defendant was appointed guardian by the Shawnee County Probate Court in 1961. He served until discharged in 1967 when a successor was appointed. Plaintiff became eighteen years of age on January 16, 1974. Suit was filed March 1, 1976. Beginning January 14, 1975, the defendant personally or through his attorney executed a series of seven documents, each entitled "Waiver of Statute of Limitations." The last of these documents executed January 30, 1976, provides:

"Waiver of Statute of Limitations

"Clarence J. Gideon, party of the first part, for and in consideration of the forbearance on the part of Linda Barnes, party of the second part, and/or her

personal representative from filing a lawsuit at any time prior to January 16, 1975, and in further consideration of the forbearance on the part of Linda Barnes and/or her personal representative from filing a lawsuit at any time prior to and including February 15, 1976, does hereby waive the Statute of Limitations which would otherwise be applicable to any and all causes of action against me by Linda Barnes arising out of my actions as Conservator and/or Guardian of the Estate of Linda Barnes which was administered in the Probate Court of Shawnee County as Case No. 26,592, and this waiver shall remain effective until March 1, 1976, and no longer.

"DATED this 30th day of January, 1976.

s/ James M. Macnish, Jr.
James M. Macnish, Jr., Attorney for
Clarence J. Gideon, Party of the
First Part
s/ James P. Nordstrom
James P. Nordstrom, Attorney for
Linda Barnes, Party of the Second Part."

The six prior documents contained similar language, although not identical. The next to last was executed November 12, 1975, and extended the waiver "until February 15, 1976, and no longer."

Absent the agreement of the parties, our statute of limitations, in effect at the time, allowed plaintiff one year from January 16, 1974, the date plaintiff attained her majority, to file her action. (K.S.A. 60-515[a].)

Plaintiff's petition was filed in the district court March 1, 1976. The documents executed by defendant were attached to the petition and are relied upon by plaintiff to support her contention that the petition was timely filed. Defendant relies upon the same documents to support his contention the petition was filed too late. Summary judgment was sustained for the defendant on the grounds that the words "until March 1, 1976, and no longer" were words of limitation or exclusion and filing of the petition on March 1, 1976, was barred by the statute of limitations. The trial court's action was affirmed by the Court of Appeals. It should be noted that 1976 was a leap year and March 1 fell on Monday. Therefore, under the decision of the trial court, as affirmed by the Court of Appeals, the last possible time for filing the petition would have been Friday, February 27, 1976.

The sole question before the court is whether the words "until March 1, 1976, and no longer" are words of inclusion or words of exclusion in this case. The trial court stated the issue as:

". . . [S]hould the time to be computed include March 1, 1976, for purposes of filing within the statute of limitations?"

The trial court in its letter of decision found:

"The Court finds that the term 'until March 1, 1976, and no longer' is a term of limitation, and under ordinary usage means to restrict that which precedes to what immediately follows it and upon arrival of the time (March 1) the right will cease to exist. According to dictionary definitions, 'until' means 'up to the time; til such time'. In other words 'until March 1, 1976, and no longer' means that on March 1, 1976, the event or as in this case, the right to file, will cease to exist."

Appellant states her points on appeal as:

1. Where potential litigants entered into an agreement waiving the defense of the Statute of Limitations, "until March 1, 1976, and no longer", the intent of the parties was manifest that the waiver be effective on March 1, 1976, but not beyond March 1, 1976.

2. Where potential litigants entered into an agreement waiving the defense of a Statute of Limitations under Chapter 60, until an expressly stated date, K.S.A. 60-206(a) was applicable to the agreement, and where the date of termination of the agreement was a Sunday, filing of a petition on Monday was proper.

Defendant contends the intent of the parties and the words used in the various documents were words of limitation and that the right to file the action expired on February 29, not March 1. Defendant also contends that K.S.A. 60-206(a) does not apply in this case, arguing the statute does not apply to contracts or agreements but only to matters of court procedure.

We agree with both of appellant's contentions and hold plaintiff's petition was timely filed.

To determine the intent of the parties from the various "waiver of statute of limitation" documents, we must first look to the actual instruments. If it was the intent of the parties to set a specific date prior to which the action had to be filed then, presumably, under defendant's theory the document should have read until February 28, 1976, and no longer. The final waiver was signed by knowledgeable legal counsel for both parties who undoubtedly knew that if March 1, 1976, was to be excluded the action would have to be filed no later than February 27, 1976. There would have been no way for plaintiff to file her action on the 28th or 29th as those days fell on Saturday and Sunday. Setting a specific date of March 1, knowing that February 28th

and 29th were not available for plaintiff to perform the necessary act, indicates both parties intended March 1 to be the final date on· which the action could be filed. Further, in referring to the instruments, it is to be noted that the parties apparently interpreted the final date to be inclusive and not exclusive. The next to last waiver extended the time for filing "until February 15, 1976, and no longer," yet in the final document wherein the consideration is recited the parties refer to the previous waiver as having been effective "prior to and including February 15, 1976." The parties by clear language in the instrument in question indicated their intent to be that the final date was included, not excluded. Such an intent is consistent with the action of the parties in setting March 1, a Monday, as the final filing date, knowing the previous two days were unavailable for plaintiff to perform the necessary act.

K.S.A. 60-206(*a*) provides:

"(*a*) *Computation; legal holiday defined.* In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or *by any applicable statute,* the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.* When the period of time prescribed or allowed is less than seven (7) days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday. 'Legal holiday' includes any day designated as a holiday by the congress of the United States, or by the legislature of this state. When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply." (Emphasis added)

Appellee contends that the statute has no application to this case as the dealings between the parties were contractual and did not pertain to "any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of the court, or by any applicable statute." Again we must look to the documents executed by the parties. Statutes of limitation are purely creations of the legislature and absent any such statute the plaintiff in this action could file her action at any time, subject only to the common law doctrines of laches, estoppel, etc. The subject matter of the documents in question was based solely on the statute of limitations and therefore K.S.A. 60-206(*a*) must be

considered. As stated by Judge Swinehart in his dissenting opinion:

"As the majority opinion indicates, the bringing of this action was originally controlled by the one-year statute of limitations enunciated in K.S.A. 60-515(*a*). The series of agreements executed by these parties extended the application of that statute of limitations. The majority chooses to differentiate between an 'extension' of the statute and a waiver to assert that statute as a defense. This is a distinction without a difference. Semantical play aside, the true effect of the parties' agreements was to extend the period of time called for in 60-515(*a*). The agreements expanded, if you will, that original one-year limitation period. Unfortunately for plaintiff, the expanded period fell one day short of being timely, or so the majority finds.

"My point is this: K.S.A. 60-515(*a*) was part and parcel of this case. The trial court granted summary judgment solely on the basis that plaintiff's claim was barred by the statute of limitations. Were it not for the statute, the trial court would have had absolutely no basis for dismissing the suit. Contrary to what the majority finds, this suit was not dismissed because the parties' contract was a waiver of the affirmative defense of the statute of limitations (K.S.A. 60-208[*c*]). The statute of limitations controlled the outcome of this case, *not* the parties' contract. 60-515(*a*) was, therefore, an 'applicable statute'; accordingly, the provisions of 60-206(*a*) were activated." (pp. 522-523.)

It appears clear that the parties considered they were dealing with a statutory period and if so the time under appellee's theory expired on Sunday. Being originally a matter controlled by an "applicable statute," we are of the opinion that filing the action on Monday was timely under K.S.A. 60-206(*a*).

The majority of the Court of Appeals viewed the documents of the parties as private contracts which were not controlled by K.S.A. 60-206(*a*) and K.S.A. 60-515(*a*). Their determination of the matter was based upon an interpretation of whether the word "until" as used in the documents in this case constituted a word of inclusion or one of exclusion. The majority contended that the case law of Kansas is well settled in a consistent series of decisions holding "until" to be a word of exclusion. The cases cited include *Croco v. Hille,* 66 Kan. 512, 72 Pac. 208 (1903); *State v. Bradbury,* 67 Kan. 808, 74 Pac. 231 (1903); *State v. Dyck,* 68 Kan. 558, 75 Pac. 488 (1904); *Maynes v. Gray,* 69 Kan. 49, 76 Pac. 443 (1904); *State v. Burton,* 70 Kan. 199, 78 Pac. 413 (1904); *State v. Horine,* 70 Kan. 256, 78 Pac. 411 (1904); *Buck's Stove and Range Company v. Davidson,* 70 Kan. 885, 79 Pac. 119 (1905); *Lightner v. Insurance Co.,* 97 Kan. 97, 154 Pac. 227 (1916); and *Dobson v. Wilson & Co., Inc.,* 152 Kan. 820, 107 P.2d 676 (1940).

In its discussion of *Croco,* the Court of Appeals states:

"In *Croco,* the court noted earlier conflicting decisions of different panels of the Kansas Court of Appeals in *Refining Co. v. Peterson,* 8 Kan. App. 316, 55 Pac. 673, and *Garden City v. Bank,* 8 Kan. App. 785, 60 Pac. 823. *Croco* involved an allowance of time granted by the court that was expressed as 'until June 20.' It was held that action by the plaintiff on June 20 was untimely. The court said:

'The point raised involves the question whether the word 'until,' used in the order of the court, means 'to' or 'up to' June 20, so as to exclude that date, or whether service on the day named was in time. Webster, in defining the word, says that in contracts and like documents 'until' is construed as exclusive of the date mentioned, *unless it was the manifest intent of the parties to include it.* The Century Dictionary also gives the exclusive signification to the word. The question was before the court of appeals in *Refining Co. v. Peterson,* 8 Kan. App. 316, 55 Pac. 673, and in *Garden City v. Bank,* 8 id. 785, 60 Pac. 823. It was decided both ways. In the first case the decision was rested on the language of the statute, which provides:

' "The time within which an act is to be done shall be computed by excluding the first day and including the last." (Gen. Stat. 1901, § 5218.)

'This provision, however, is not applicable to the language of the order of the court under consideration. If an act is to be done within a certain number of days, the statute is controlling. Here, the order was that the time ran 'until' a day certain.' (66 Kan. at 513.) (Emphasis supplied.)" (pp. 520-521.)

The Court of Appeals determined this case was controlled by the *Croco* rule. A careful reading of the cases cited would indicate this Court has not been entirely consistent and has chosen, on occasion, to find an intent or other distinction to reach a contrary result from *Croco.* See *State v. Bradbury,* supra, and *Dobson v. Wilson & Co., Inc.,* supra.

An examination of cases from other jurisdictions reflects a hopeless split of authority, absent statutory definition or requirement, on the meaning of the word "until" when used in contractual documents and court proceedings. Whatever may have been the law of this state prior to this time, we now hold that "until," and words of similar import, whether used in a contractual sense or in court proceedings, is inclusive of the date mentioned and not exclusive *unless it is the clear intent of the parties to make it exclusive.*

The decision of the Court of Appeals, affirming the judgment of the district court, is reversed and the case is remanded to the district court for further proceedings on the merits.