(868 P.2d 555)
No. 69,469

STATE OF KANSAS, FOR THE BENEFIT OF ROBERT M. QUINN, *Appellee,* v. JUDY A. JOHNSON, *Defendant,* and ELEANOR M. WHITNEY, *Appellant.*

Opinion filed February 18, 1994.

*John D. Conderman* and *Derrick L. Roberson,* of Arthur, Green, Arthur, Conderman & Stutzman, of Manhattan, for appellant.

*Jeff K. Cooper,* of Topeka, and *Billy E. Newman,* of The State Self-Insurance Fund, for appellee.

Before BRISCOE, C.J., GREEN, J., and JOHN J. BUKATY, JR., District Judge, assigned.

GREEN, J.: Eleanor M. Whitney, appellant, brought this interlocutory appeal from the trial court's denial of her motion to dismiss. Appellant argues the State's cause of action is barred by the statute of limitations, K.S.A. 1993 Supp. 60-513(a).

Robert A. Quinn, Judy A. Johnson, and Eleanor M. Whitney were involved in an automobile accident on September 10, 1990. On September 11, 1992, the State filed its suit against defendants Johnson and Whitney. In its petition, the State alleges Quinn suffered bodily injury from the accident as a result of the negligence of Johnson and Whitney. The State also alleges Quinn was injured in the course of his employment and that, pursuant to K.S.A. 44-504, it is entitled to maintain a cause of action against Johnson and Whitney.

Both defendants filed separate motions to dismiss, alleging the plaintiff's claim was barred by the two-year statute of limitations. Following a hearing, the trial court found plaintiff's cause of action was not barred by the statute of limitations. The trial court certified the issue pursuant to K.S.A. 1993 Supp. 60-2102(b) and stayed further proceedings pending an interlocutory appeal. On May 10, 1993, this court granted Whitney's application for an interlocutory appeal.

Neither party disputes that this cause of action is controlled by a two-year statute of limitations. K.S.A. 1993 Supp. 60-513(a)(2) and in pertinent part (a)(4) state:

"The following actions shall be brought within two years:

. . .

(2) An action for taking, detaining or injuring personal property, including actions for the specific recovery thereof.

. . .

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

We agree this case is controlled by a two-year statute of limitations. Therefore, this case involves the application and interpretation of K.S.A. 1993 Supp. 60-206(a) in conjunction with K.S.A. 1993 Supp. 60-513(a).

Before addressing the issues presented by the parties, we briefly note our standard of review for interpretation and application of statutes. "Interpretation of a statute is a question of law." *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986). Further, "K.S.A. 60-102 requires us to construe the code of civil procedure liberally 'to secure the just, speedy and inexpensive determination of every action or proceeding.' " *Read v. Miller*, 247 Kan. 557, 563, 802 P.2d 528 (1990) (quoting K.S.A. 60-102).

The first issue is whether K.S.A. 1993 Supp. 60-206(a) should be used to determine the limitation period to be applied in this case. Appellant first argues K.S.A. 1993 Supp. 60-206(a) applies only to procedural time limits and not to statute of limitations time computations. We find appellant's argument unpersuasive

and conclude that K.S.A. 1993 Supp. 60-206(a) applies to the computation of the statute of limitations.

K.S.A. 1993 Supp. 60-206(a) in relevant part provides:

"In computing any period of time prescribed or allowed by this chapter . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. . . . When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply."

The parties failed to cite and we were unable to find any Kansas appellate court decisions directly addressing the applicability of K.S.A. 1993 Supp. 60-206(a) to the computation of the statute of limitations. We have, however, found numerous cases where K.S.A. 1993 Supp. 60-206(a) has been used to compute time limitations for other purposes.

For example, see *Atkinson v. U.S.D. No. 383*, 235 Kan. 793, 798, 684 P.2d 424 (1984) (used in computing time for appeal under Teachers Due Process Procedure Act, K.S.A. 72-5436 *et seq.*), affirming 9 Kan. App. 2d 175, 675 P.2d 917 (1984); *State v. White*, 234 Kan. 340, 673 P.2d 1106 (1983) (used in computing time for statutory speedy trial provision); *In re Tax Appeal of Newton Country Club Co.*, 12 Kan. App. 2d 638, 640, 753 P.2d 304, *rev. denied* 243 Kan. 779 (1988) (used in computing time under Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*).

We also find *Barnes v. Gideon*, 224 Kan. 6, 578 P.2d 685 (1978), to be most persuasive. In *Barnes*, the court was called upon to interpret an agreement extending the statute of limitations. Justice (now Chief Justice) Holmes, writing for a unanimous court, in dicta, stated, "The subject matter of the documents in question was based solely on the statute of limitations and therefore K.S.A. 60-206(a) must be considered." 224 Kan. at 9-10. Justice Holmes quoted with approval the dissenting opinion of Judge Swinehart in *Barnes v. Gideon*, 1 Kan. App. 2d 517, 522-23, 571 P.2d 42 (1977). In his dissent, Judge Swinehart stated, "The statute of limitations controlled the outcome of this case,

*not* the parties' contract. [K.S.A. 60-513(a)] was, therefore, an 'applicable statute'; accordingly, the provisions of [K.S.A.] 60-206(a) were activated." 1 Kan. App. 2d at 523.

The legislative history of K.S.A. 1993 Supp. 60-206(a) also supports its application to the statute of limitations. In its proposal on K.S.A. 1993 Supp. 60-206, the advisory committee stated, "We have followed Federal Rule 6 for general provisions covering computation and extension of time. It includes the provisions of GS 60-3819 and 60-3819a and additional important provisions. We find the Federal Rule entirely acceptable for Kansas practice." 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-206, p. 27 (1979).

G.S. 1949, 60-3819 is nearly identical to G.S. 1868, ch. 80, § 722, which provided: "The time within which an act is to be done should be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded." In *Hook v. Bixby*, 13 Kan. 164, 168 (1874), the court, relying on G.S. 1868, ch. 80, § 722, held that an action which accrued on February 19, 1870, could be brought under the three-year statute of limitations up through February 19, 1873.

Support for our conclusion is also found in the comments in 1 Vernon's Kansas C. Civ. Proc. § 206.2, p. 453 (1963).

"According to the last sentence of [K.S.A. 1993 Supp. 60-]206(a), when an act is to be performed within any prescribed time under *any* law of the State, . . . then the method prescribed in this Section or Rule shall govern. This sentence apparently obviates any question whether Section 60-206 could extend the time of an applicable statute of limitations and indicates that, unless that statute provided otherwise, it will extend the time provided in an applicable statute of limitations—extended according to this Section and computation thereunder."

See Comments, 1 Gard's § 60-206.

Lastly, K.S.A. 1993 Supp. 60-206(a) is a mirror image of Fed. R. Civ. Proc. 6(a), and federal case authority concerning the operation of this section is uniquely persuasive. *Marinhagen v. Boster, Inc.*, 17 Kan. App. 2d 532, 535, 840 P.2d 534 (1992). One expert has commented on the applicability of Federal Rule 6 to federal statutes of limitations:

"The 'majority rule' is that Rule 6 exclusion of final Saturdays, Sundays, and legal holidays is applicable to federal statutes of limitations. This conclusion seems based on the premise that Rule 6 expresses the liberal spirit of the federal rules and their quest to avoid the 'setting traps for the unwary'

and that this spirit should be employed in construing statutes of limitations; an alternative argument is that the computation provisions of Rule 6 inherently are fair and practical. Moreover, it has been said that the rule 'merely declares a rule of statutory construction having widespread judicial sanction, federal as well as state,' rather than being an enlargement or modification of the time provisions to which it is applied." 4A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1163, pp. 465-68 (1987).

For these reasons, we find the trial court did not err in applying K.S.A. 1993 Supp. 60-206(a) to the calculation of time under the statute of limitations.

Appellant next argues that even if K.S.A. 1993 Supp. 60-206(a) is used, the trial court erred in finding the State's cause of action filed on September 11, 1992, was not barred by the statute of limitations. She argues the last day of the period of limitations ended on Thursday, September 10, 1992, and since this date did not fall on a weekend or holiday, K.S.A. 1993 Supp. 60-206 would not extend the period of limitations. We agree.

The State argues the statute of limitations began to run on September 11, 1990, and ended on September 11, 1992, and therefore its petition was timely filed. The State contends K.S.A. 1993 Supp. 60-206(a) requires that September 10, 1990, not be counted and thus the action began to run on September 11, 1990.

Analytically, the statute of limitations is straightforward and not difficult to apply in most cases. Assuming for illustration purposes the accident giving rise to this appeal occurred at 9:00 a.m. on September 10, 1990. According to K.S.A. 1993 Supp. 60-513, without considering the effects of K.S.A. 1993 Supp. 60-206, plaintiff's action would have to be brought before 9:00 a.m. on September 10, 1992, to be timely.

However, K.S.A. 1993 Supp. 60-206(a) provides that, in computing time, the day an action begins to run is excluded and the last day of the period is to be included. This allows a plaintiff a full last day or, as in this case, all of September 10, 1992, to file an action. K.S.A. 1993 Supp. 60-206(a) would only extend the filing date beyond September 10, 1992, if such day is a Saturday, Sunday, or legal holiday, which is not the case in this appeal.

Our analysis of how K.S.A. 1993 Supp. 60-206(a) operates is supported in *Hook v. Bixby*, 13 Kan. at 169, where the court interpreted G.S. 1868, ch. 80, § 722 as saying:

"[T]he time within which the plaintiff may sue shall be computed by excluding the whole of the first day and including the whole of the last. That is, he may have the whole of the last day within which to sue instead of the half or any other part of that day only."

See *Ray v. City of Wichita*, 138 Kan. 686, Syl., 27 P.2d 288 (1933); *English v. Williamson*, 34 Kan. 212, Syl. ¶ 3, 8 Pac. 214 (1885).

While we are aware that support for the State's view is found in *Hubbard v. Havlik*, 213 Kan. 594, 607, 518 P.2d 352 (1974), we believe the court has withdrawn from its earlier position that *Ray* was wrongly decided. In *Hubbard*, the Supreme Court inexplicably reversed the result reached in *Ray*, finding: "[i]t is to be noted *Ray v. City of Wichita* . . . is patently in error. The proper rule applicable is stated in the majority decision, but it is not applied to the facts as recited in the case. The dissenting opinion . . . with respect to the facts is correct." 213 Kan. at 607.

The dissenting opinion in *Ray* had held that the injury occurred on March 7, 1932, but under the statute for computation of time, the three-month period given for filing notice with the city began to run on March 8, 1932, and, therefore, the notice given on June 8, 1932, was timely. Accordingly, applying the reasoning of *Hubbard* to the facts presented in this appeal, the State's action filed on September 11, 1992, would be timely. However, we believe *Hubbard* no longer states the controlling law of Kansas.

"This court is duty bound to follow the law as established by Kansas Supreme Court decisions, absent some indication the Supreme Court is departing from its previously expressed position." *Batt v. Globe Engineering Co.*, 13 Kan. App. 2d 500, 507-08, 774 P.2d 371, *rev. denied* 245 Kan. 782 (1989). We believe two recent Supreme Court cases indicate departure from the position expressed in *Hubbard*.

In *Read v. Miller*, 247 Kan. at 558, the court, in dicta, noted that an action filed September 20, 1988, was exactly two years after the action had occurred and was the same day the statute of limitations expired (adopting and quoting verbatim *Read v. Miller*, 14 Kan. App. 2d 274, 788 P.2d 883 [1990]). In *Read*, the Supreme Court held that the K.S.A. 60-203(a) specific provisions on extension of time for the period in which service of process

will relate back control over the general provisions for enlargement of time found in 60-206(b). 247 Kan. 557, Syl. ¶ 1.

In *Slayden v. Sixta*, 250 Kan. 23, 24, 825 P.2d 119 (1992), Justice Lockett, writing for a unanimous court, stated, in dicta, "[e]xactly two years after the accident, [plaintiff] filed this action." Plaintiff was injured on October 25, 1987, and filed suit on October 25, 1989. In Slayden, the court found "[u]nder the unique circumstances of this case, that [a] delay in serving the summons caused by the clerk of the district court should not be charged to the plaintiff. Service of summons on the defendant was within the 90-day limit of K.S.A. 1990 Supp. 60-203." 250 Kan. at 30-31.

Further, this method (sometimes referred to as the "anniversary date" method) for determining the last day to file an action has been used by courts in several jurisdictions. For example, *Monkelis v. Mobay Chemical*, 827 F.2d 937, 938 (3d Cir. 1987) (applying Pennsylvania law); *Gardner v. Hyster Co.*, 785 F. Supp. 161, 163 (M.D. Ga. 1992) (applying Georgia law); *Evans v. Hawker-Siddeley Aviation, Ltd.*, 482 F. Supp. 547, 550 (S.D.N.Y. 1979) (applying New York law); *Cade v. Regensberger*, 804 P.2d 238, 239 (Colo. App. 1990); *Jenkins v. Yoder*, 324 N.E.2d 520, 522 (Ind. App. 1975); *Dunlap v. Sheffield*, 442 Mich. 195, 500 N.W.2d 739 (1993) (applying Mich. Comp. Laws § 1.108[3] [1992] for counting years); *Olson v. Campbell County Memorial Hosp.*, 652 P.2d 1365 (Wyo. 1982).

Next, the only cases cited by the State for support of its position that the statute of limitations runs two years from the day after the action accrued, *Bledsoe v. Department of Hous. & Urban Development*, 398 F. Supp. 315 (E.D. Pa. 1975), and *Rodriguez v. United States*, 382 F. Supp. 1 (D.P.R. 1974), are unpersuasive. Both of these cases involve determining when the six-month limitations period runs for filing an action under the Federal Tort Claims Act. In each case, the court determined the statute runs from the day after notice of the denial of the claim by the federal agency is sent to the plaintiff to the same calendar date six months later. However, our research tells us this approach is the minority view. The majority rule is that the period runs through the day before the same calendar date six months later. See *Vernell v.*

*U.S. Postal Service*, 819 F.2d 108, 111 (5th Cir. 1987); *McDuffee v. United States*, 769 F.2d 492, 494 (8th Cir. 1985).

We believe the majority rule is better reasoned and consistent with the "anniversary date" method.

In applying the "anniversary date" method to this case, we hold that to be timely the State's petition should have been filed within two years of or by September 10, 1992. The State's petition filed on September 11, 1992, is untimely and barred by the statute of limitations. Therefore, we reverse and remand with direction to grant appellant's motion to dismiss the State's petition as barred by the statute of limitations, K.S.A. 1993 Supp. 60-513(a).

Reversed and remanded with directions consistent with this opinion.