United States Court of Appeals,

Fifth Circuit.

No. 94-20934.

FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Western Bank-Westheimer, Plaintiff-Appellee,

v.

ENVENTURE V, Allen B. Daniels, and Don C. Horton, Defendants-Appellants.

March 11, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, WIENER and STEWART, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC") brought suit on behalf of a failed bank to collect a debt owed the bank by Enventure V, a Texas Limited Partnership ("Enventure"), Allen B. Daniels ("Daniels"), and Don C. Horton ("Horton"). The court below granted summary judgment in favor of the FDIC. The obligors have appealed. We reverse.

BACKGROUND

On July 15, 1986, Enventure received a loan for $131,697.03 from Western Bank—Westheimer ("Western Bank"). Daniels and Horton, in addition to being general partners in Enventure, also signed continuing guaranties of Enventure's indebtedness on June 1, 1982. On July 15, 1987, Enventure defaulted on the promissory note. *Federal Deposit Ins. Corp. v. Enventure V,* 868 F.Supp. 870, 873 (S.D.Tex.1994).

On October 1, 1987, the FDIC was appointed receiver for

Western Bank after the bank was declared insolvent. On October 1, 1993, the FDIC initiated this action against Enventure, Daniels and Horton to collect on the promissory note and guaranties. *Id.* Following the district court's grant of summary judgment in favor of the FDIC, Enventure, Daniels and Horton (collectively "appellants") appealed. The sole issue on appeal is whether the six-year statute of limitations contained in the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") has expired and bars the FDIC from collecting on the promissory note.

DISCUSSION

FIRREA contains the applicable statute of limitations for actions brought by the FDIC as receiver. Under FIRREA, the statute of limitations on contract claims is the longer of "the 6-year period *beginning on the date* the claim accrues" or "the period applicable under state law." 12 U.S.C. § 1821(d)(14)(A) (emphasis added). The statute of limitations begins to run on a contract claim on the date the FDIC is appointed receiver or the date the cause of action accrues, whichever is later. 12 U.S.C. § 1821(d)(14)(B).[1]

---

[1]In relevant part, section 1821(d)(14) of FIRREA provides:

(A) Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6-year period beginning on the date the claim accrues; or

The FDIC contends that as a general rule this court uses Rule 6(a) of the Federal Rules of Civil Procedure to interpret statutes of limitations. Rule 6(a) provides that in computing any period of time "the day of the act, event, or default from which the designated period of time begins to run shall not be included [and] [t]he last day of the period so computed shall be included." FED.R.CIV.P. 6(a). The FDIC argues that since it was appointed receiver on October 1, 1987, under Rule 6(a) that day is excluded from the calculation of the limitations period, but October 1, 1993 is included in the calculation of the limitations period. Hence, by filing the claim on the anniversary date of its appointment as receiver, the FDIC contends its suit is within the six-year statute of limitations period contained in § 1821(d)(14).

In support of the application of Rule 6(a), the FDIC cites *Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.,* 600 F.2d 465 (5th Cir.1979) and *Federal Deposit Ins. Corp. v. Bledsoe,* 989 F.2d 805 (5th Cir.1993). In *Lawson,* this court interpreted the statute of limitations contained in the Truth in Lending Act ("TILA") to determine whether a suit filed on the one-year anniversary date of the sale at issue was barred by the statute of

_____

(II) the period applicable under State law; ...

(B) For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

3

limitations contained in TILA. Under TILA, the statute of limitation provides that "[a]ny action under this section may be brought in any United States district court ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

In interpreting the statute of limitations, the court applied Rule 6(a) and found that the plaintiff's suit was not barred by the one-year statute of limitations contained in TILA because under Rule 6(a), the "day of the transaction is excluded and the last day of the period is included." *Id.* at 465. Therefore, the court reasoned, since the purchase by the plaintiff occurred on January 31, 1977 and the suit was filed on January 31, 1978, the plaintiff was not barred by the statute of limitations.

In *Bledsoe,* the court was required to determine the appropriate statute of limitations period held by assignees of the FDIC and the Federal Savings and Loan Insurance Corporation ("FSLIC"). In reaching its decision, the court stated the following concerning FIRREA's statute of limitations:

> In the instant cases ... the FSLIC was appointed receiver on December 19, 1985. As the six year period began running on December 19, 1985, the FDIC's claim filed on December 18, 1991, was filed one day before the expiration of the limitations period, and thus was timely filed.

*Id.* at 809.

Although *Lawson* and *Bledsoe* are instructive, they provide little support for the application of Rule 6(a) to § 1821(d)(14). *Lawson* involved a statute of limitations which used the phrase "within one year" as opposed to "beginning on the date" as

4

contained in § 1821(d)(14)(A). The phrase "within one year" is vague as to when the limitations period is to begin and end and thus the court properly applied Rule 6(a) in determining the calculation of the limitations period. Such is not the case with the phrase "beginning on the date" which provides a specific reference to the beginning of the limitations period. Additionally, the statement cited from *Bledsoe* is not necessary to the holding of the case and is confusing dicta at best.[2]

Rule 6(a) is a general statutory rule concerning the computation of time. "A general statutory rule usually does not govern if a more specific rule covers the case." *Resolution Trust Corp. v. Seale,* 13 F.3d 850, 854 (5th Cir.1994); *see Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 524, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989); *see also Union National Bank of Wichita v. Lamb,* 337 U.S. 38, 41, 69 S.Ct. 911, 913, 93 L.Ed. 1190 (1949). Generally, the court must "assume that "the legislative purpose is expressed by the ordinary meaning of the words used.' " *United States v. Locke,* 471 U.S. 84, 94, 105 S.Ct. 1785, 1793, 85 L.Ed.2d 64 (1985), *quoting Richards v. United States,* 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962).

In § 1821(d)(14)(A), Congress provided that the limitations period began "on the date the claim accrues." The use of the word

---

[2]Compare the above quoted passage from *Bledsoe* with language at the end of the *Bledsoe* opinion: "With the six year limitation period beginning to run on December 19, 1985, the note would have become stale on December 19, 1991. The FDIC's filing of this action on December 18, 1991 was one day prior to the expiration date and hence was timely." *Id.* at 811-12.

"on" is clear and creates a more specific rule which overrides the application of Rule 6(a). Therefore, because the FDIC was appointed receiver on October 1, 1987, this day is included in the calculation of the six-year limitations period, and thus the FDIC's filing of the claim on October 1, 1993, is one day late. Consequently, the claim is barred by the statute of limitations contained in § 1821(d)(14), so that the FDIC's action must be and is hereby dismissed.

CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED AND RENDERED.

6