(962 P.2d 1136)
No. 78,250

FEDERAL FINANCIAL COMPANY, *Appellant*, v. PAUL D. HAMILTON
and DEBORAH HAMILTON, *Appellees*.

Opinion filed
August 7, 1998.

*David M. Fey* and *Jeffrey Stowman*, of Anderson, Byrd, Richeson & Flaherty,
of Ottawa, for appellant.

*Darrell Smith,* of Overland Park, for appellees.

Before BRAZIL, C.J., ELLIOTT and MARQUARDT, JJ.

BRAZIL, C.J.: Federal Financial Company (Federal Financial),
plaintiff/appellant and assignee of the Resolution Trust Corpora-
tion (RTC), filed this action against Paul D. Hamilton and Deborah
Hamilton, defendants/appellees, to collect amounts owing on a
promissory note and to foreclose the mortgage securing the prom-
issory note. The court held that Federal Financial's action against
the Hamiltons was barred by the 6-year statute of limitations for
contract actions brought by the RTC or its assignees as provided
in 12 U.S.C. § 1821(d)(14)(A) (1994). Federal Financial appeals
the granting of summary judgment in favor of the Hamiltons.

We affirm.

"Interpretation of a statute is a question of law, and our review is unlimited." *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) sets forth a 6-year statute of limitations for contract actions brought by the Federal Deposit Insurance Corporation (FDIC). 12 U.S.C. § 1821(d)(14)(A). That statute of limitations applies to actions brought by the RTC. See *Resolution Trust Corp. v. International Ins. Co.*, 770 F. Supp. 300, 303 (E.D. La. 1991).

12 U.S.C. § 1821(d)(14)(A) provides:

"Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be — (i) in the case of any contract claim, the longer of — (I) the 6-year period *beginning on the date the claim accrues*; or (II) the period applicable under State law." (Emphasis supplied.)

12 U.S.C. § 1821(d)(14)(B) provides:

"For the purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of — (i) the date of the appointment of the Corporation as conservator or receiver; or (ii) the date on which the cause of action accrues."

Both parties agree that as an assignee of RTC, Federal Financial acquired its ownership interest in the note and that the 6-year FIRREA statute of limitations applies rather than the 5-year Kansas statute of limitations. See *Cadle Company II, Inc. v. Lewis*, 254 Kan. 158, 166, 864 P.2d 718 (1993), *cert. denied* 511 U.S. 1053 (1994). The note matured on March 25, 1990. Federal Financial's cause of action accrued the following day, March 26, 1990. See *Farmers & Merchants Bank v. Copple*, 190 Kan. 170, 174, 373 P.2d 219 (1962); *National Bank v. Paper Mfg. Co.*, 58 Kan. 207, 209, 48 Pac. 863 (1897).

Both Federal Rule of Civil Procedure 6(a) and K.S.A. 60-206(a) provide that in computing any period of time, "the day of the act, event, or default from which the designated period of time begins to run shall not be included [and] [t]he last day of the period so computed is to be included." This is generally known as the anni-

versary date method of computation. See *State v. Johnson*, 19 Kan. App. 2d 315, 320-21, 868 P.2d 555 (1994). Federal Financial contends that since its cause of action accrued on March 26, 1990, that day is excluded from the calculation of the limitations period. By filing on the anniversary date of the accrual of the action, March 26, 1996, Federal Financial contends that its suit is within the 6-year statute of limitations period contained in 12 U.S.C. § 1821(d)(14)(A). The trial court disagreed, relying on *F.D.I.C. v. Enventure V.*, 77 F.3d 123 (5th Cir. 1996). In *Enventure V.*, the court addressed this same issue and determined that a claim filed on the 6-year anniversary date of the appointment of the FDIC as receiver was filed one day too late. 77 F.3d at 125-26. The court held that the method of computing the length of the statute of limitations contained in Rule 6(a) did not apply to that case because the language contained in the statute of limitations in 12 U.S.C. § 1821(d)(14)(A) was a more specific statute than was Rule 6(a). 77 F.3d at 126. The court reasoned that "Rule 6(a) is a general statutory rule concerning the computation of time" and that the phrase " 'beginning on the date' which provides a specific reference to the beginning of the limitations period" overrides the application of Rule 6(a). 77 F.3d. at 125.

Federal Financial contends that the reasoning of the *Enventure V.* court is flawed and draws our attention to *State v. Johnson*, 19 Kan. App. 2d 315, in support of its argument that Rule 6(a) should apply. The *Johnson* court held that the provisions of K.S.A. 60-206(a) should apply to the statute of limitations contained in K.S.A. 60-513(a), which provided that certain noncontract actions "shall be brought within two years." 19 Kan. App. 2d at 316. The *Johnson* court stated that the time provisions of K.S.A. 60-206(a) "should be used to compute any time requirement found elsewhere in the statutes, including the statute of limitations, unless a statute expressly provides otherwise." 19 Kan. App. 2d 315, Syl. ¶ 1.

Federal Financial also relies upon *Union National Bank v. Lamb*, 337 U.S. 38, 93 L. Ed. 1190, 69 S. Ct. 911, *reh. denied* 337 U.S. 928 (1949), for the proposition that Rule 6(a) should apply to the present case.

However, 12 U.S.C. § 1821(d)(14)(A) and (B) expressly provide that the statute of limitations is to begin running on the date the cause of action accrues. Its wording is more specific than that contained in K.S.A. 60-513(a) or in 28 U.S.C. § 2101(c) (1994). Under the anniversary date method of determining the starting date of the statute of limitations, the statute of limitations does not begin to run until the next day, giving the defendant a full day to fix the problem and giving the plaintiff a full day at the end of the year to file. See *Johnson*, 19 Kan. App. 2d at 319. Using this method, the last day to file would have been March 26, 1996. However, if we begin counting on the date the claim accrues, as is clearly mandated by 12 U.S.C. § 1821(d)(14)(A), the last day to file would be March 25, 1996. Thus, the two statutes are in conflict. "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling." *State v. Le*, 260 Kan. 845, Syl. ¶ 2, 926 P.2d 638 (1996); see *State v. LaMunyon*, 259 Kan. 54, Syl. ¶ 1, 911 P.2d 151 (1996). The provisions defining the start date of the statute of limitations contained in 12 U.S.C. § 1821(d)(14)(A) and (B) deal specifically with this subject. Therefore, the court did not err in applying the reasoning of *Enventure V.* to the case at bar and finding that March 25, 1996, was the last day to file the case.

Next, Federal Financial contends that the statute of limitations should begin to run upon the conversion of the RTC's status from conservator to receiver. The FIRREA statute provides that the statute of limitations begins to run on "the later of — (i) the date of the *appointment* of the Corporation as conservator or receiver; or (ii) the date on which the cause of action accrues." (Emphasis supplied.) 12 U.S.C. § 1821(d)(14)(B). The RTC was appointed the conservator on February 15, 1990. The OTS converted the RTC into the receiver on July 16, 1992. Federal Financial urges us to interpret the statute so that the date the RTC was converted to a receiver should count as the date the statute of limitations began to run.

"In interpreting a statute, we must give effect to its plain and unambiguous languge, without determining what, in our view, the law should be." *State v. Reed*, 23 Kan. App. 2d 661, 663, 934 P.2d 157, *rev. denied* 262 Kan. 968 (1997). Viewing the disjunctive "or" as used in subparagraph (i) as an indication that Congress intended us to treat the conversion of the RTC into the receiver as a starting over date for the running of the statute of limitations would not be in keeping with a plain reading of the statute. It appears that the legislature intended to make a distinction between the dates the RTC is appointed to a conservatorship or receivership and the date the cause of action accrued by placing these events in separate subparagraphs. Furthermore, the statute does not mention anything about the date of a conversion from conservatorship to receivership. " '[I]n construing statutes, "[s]tatutory words are presumed to have been and should be treated as consciously chosen and, with understanding of the ordinary and common meaning, intentionally used with the legislature having meant what it said." [Citation omitted.]' " *State v. Crank*, 262 Kan. 449, 451, 939 P.2d 890 (1997). Moreover, "[w]hen a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997). There is nothing to indicate that the intent behind this statute was to restart the time on the statute of limitations upon the conversion of the RTC to a receiver.

Affirmed.