**Ronald A. GREY, Jr., Plaintiff,**

v.

**BRADFORD–WHITE CORPORATION, Defendant.**

**Civ. A. No. 82–2166.**

United States District Court, D. Kansas.

March 22, 1984.

---

James E. Kunce, Kansas City, Kan., for plaintiff.

Floyd E. Gehrt, Gehrt & Roberts, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment and on plaintiff's motion to amend the pretrial order. The court has reviewed the briefs of counsel and is now prepared to rule.

Defendant claims that it is entitled to summary judgment on all of plaintiff's claims because plaintiff's negligence was the superseding cause of any property damages alleged in this case. Alternatively, defendant seeks summary judgment on plaintiff's claim for breach of implied and express warranties as barred by the statute of limitations. Finally, defendant contends the uncontroverted facts show there was no breach of warranty, express or implied, and therefore plaintiff's claim should be dismissed.

Despite defendant's arguments, the court finds the evidence to be sufficiently controverted on the questions of superseding cause and breach of warranty that these issues should go to trial. However, this case presents an important question as to the statute of limitations for breach of warranty in products liability actions.

In this case, the water heater manufactured by defendant was installed in plaintiff's home in 1977. In August of 1980, the hot water heater sprung a leak, causing damage to plaintiff's property. On June 14, 1982, plaintiff filed suit against defendant, the manufacturer of the water heater. Defendant contends that the four-year stat-

ute of limitations of K.S.A. 84–2–725, the Uniform Commercial Code [hereinafter UCC], is the applicable statute of limitations in this case and that, under subsection 2 of that statute, a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach, unless a warranty has been explicitly extended to future performance. Defendant contends that the four-year statute of limitations began running in 1977, and that no warranty of future performance was given.

On its face, the provisions of K.S.A. 84–2–725 would appear applicable. That conclusion was reached in *Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 545 P.2d 371 (1976), in a products liability action wherein the purchaser of an automobile claimed injuries as a result of a defective automobile and brought an action against Chrysler Motor Corporation under theories of breach of express and implied warranties. The Kansas Supreme Court said the cause of action arose from a contractual relationship and thus the cause of action accrued when the tender of delivery occurred. Therefore, the court applied the four-year statute of limitations of K.S.A. 84–2–725 from the tender of delivery. The *Voth* decision has never been overruled by the Kansas Supreme Court. Other cases in this United States District Court have followed *Voth*. In *Saraniero v. Safeway, Inc.*, 540 F.Supp. 749 (D.Kan.1982), the undersigned judge applied *Voth* and stated that an action for breach of implied warranty is a contract action that accrues from the date of delivery, and that the four-year statute of limitations contained in the UCC applied to an implied warranty action brought in a products liability case for personal injury to a consumer of a product. In *Fordyce Concrete Inc. v. Mack Trucks, Inc.*, 535 F.Supp. 118 (D.Kan.1982), Chief Judge O'Connor held that the four-year statute of limitations of K.S.A. 84–2–725 was applicable to an action by a buyer of a truck chassis against a chassis manufacturer and the chassis frame manufacturer arising out of the breaking of the frame which caused the cab of the truck and cement mixture

installed on the chassis to separate and then collide with each other.

Despite these cases, there has been movement in both the Kansas Supreme Court and the United States District Court for the District of Kansas away from such an application of K.S.A. 84–2–725. This movement has been recognized by the authors of the Kansas Comment 1983 to K.S.A. 84–2–725, wherein it is stated, "There has been confusion in the Kansas cases regarding which statute of limitations is to apply in product liability type actions which state alternative causes of action and breach of warranty under the code and strict liability in tort under § 402A of the Restatement (2d), Torts. . . . Further case law will be required to clarify the precise scope of each of the two statutes of limitations." This change in the law began in *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980). In *Kennedy*, in a products liability action where plaintiff sought recovery on theories of strict liability and implied warranty, the defendant argued that the action was for breach of warranty, and K.S.A. 84–2–725 should apply. The court stated, "[T]his is not a contract warranty case. The action was and is essentially a tort action which accrued when the act giving rise to the cause of action first caused substantial injury. K.S.A. 60–513(b)." *Id.* at 449, 618 P.2d at 796. Therefore, the tort statute of limitations applied rather than the four-year implied warranty statute of limitations. The analysis of the Kansas Supreme Court centered on the fact that a products liability action based on implied warranty is more akin to an action in tort than it is to an action in contract. *Id.* at 451, 618 P.2d at 797.

Relying on *Kennedy*, in *Thomas v. Heinrich Equipment Corp.*, 563 F.Supp. 152 (D.Kan.1983), Chief Judge O'Connor held that where only a breach of an implied warranty is claimed in a products liability action, the UCC statute of limitations provisions do not apply and the cause of action under the tort statute of limitations accrues at the time of injury. *Id.* at 156.

In *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 666 P.2d 192 (1983), the Kansas Supreme Court made clear that a breach of warranty action, either express or implied, is akin to an action in tort when the alleged breach of warranty causes death, personal injury or physical damage to property. The court held that if the result is simple economic loss, liability and damages are governed by breach of contract principles. "The difference between a tort and a contract action is that a breach of contract is a failure of performance of a duty arising under or imposed by agreement, whereas a tort is a violation of a duty imposed by law." *Id.* at 645, 666 P.2d at 201.

 This court finds that in light of the reasoning in the recent cases cited above the Kansas Supreme Court would now find that in a products liability action for breach of express or implied warranty where death, personal injury or property damage is alleged the applicable statute of limitations in Kansas would be the two-year tort statute of limitations at K.S.A. 60–513 accruing at the time of substantial injury or its discovery rather than the four-year UCC statute of limitations accruing at the tender of delivery. To the extent that *Voth* is inconsistent with this holding, this court believes the Kansas Supreme Court would now overrule *Voth*. Therefore, this court finds that plaintiff's implied and express warranty actions were timely filed under the facts of this case, and summary judgment would be inappropriate.

As to plaintiff's motion for leave to amend the pretrial order to incorporate a strict liability theory on these same facts against this defendant, this court must look to Rule 15 of the Federal Rules of Civil Procedure. The decision to grant leave to amend pursuant to Rule 15(a) is within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), *citing Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman*, the United States Supreme Court stated that the mandate of Rule 15(a) is that leave to amend shall be "freely given when justice so requires." *Id.* at 182, 83 S.Ct. at 230.

The test is one of adequate notice in order that the defendant may have a reasonable opportunity to prepare a defense. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir.1966). Plaintiff's proposed amendments to the pretrial order allege no new factual allegations, but simply add a claim for relief under a theory of strict liability. A strict liability theory is essentially analogous to the implied warranty theories already alleged by plaintiff in the pretrial order. Defendant has been aware for some time that this is a product liability action. This court can find no reason why defendant would be prejudiced by the allowance of an amended pretrial order herein.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that plaintiff's motion to amend the pretrial order is hereby granted in accordance with the foregoing.