George W. HAMNER, Jr., Plaintiff,

v.

BMY COMBAT SYSTEMS, a division of Harsco Corporation, a Delaware Corporation, and Stewart–Warner South Wind Corporation, a Delaware Corporation, Defendants.

No. 94–2295–JWL.

United States District Court, D. Kansas.

Nov. 15, 1994.

Brenda L. Head, Davis, Unrein, Hummer, McCallister & Buck, Topeka, KS, for plaintiff George W. Hamner, Jr.

Michael A. Childs, Lawrence P. Warshaw, Brown & James, P.C., Kansas City, MO, Raymond B. Biagini, Ray M. Aragon, Mark J. Meagher, McKenna & Cuneo, Washington, DC, for defendant BMY Combat Systems.

Michael P. Oliver, Karl W. Kuckelman, Karen A. Seymour, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for defendant Stewart–Warner South Wind Corp.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This case is a products liability action arising from injuries allegedly suffered by plaintiff as a result of an accident which occurred on November 9, 1988 in Garlstadt, Germany while the plaintiff was enlisted in the United States Army. Plaintiff claims that he was a passenger in an armored ammunition carrier, designed and manufactured by defendant BMY Combat Systems, when a personnel heater, designed and manufactured by defendant Stewart–Warner South Wind Corporation, exploded in flames, causing him injury. Plaintiff has asserted claims against the defendants based on theories of negligence, strict liability, implied warranty of merchantability and fraudulent concealment. Plaintiff also asserts a claim for punitive damages.

This matter is currently before the court on a number of interrelated motions, including defendants' motion to dismiss for failure to state a claim (Doc. # 6); plaintiff's motion to amend complaint (Doc. # 14); plaintiff's motion to withdraw plaintiff's motion to amend complaint (Doc. # 30) [1]; and plaintiff's motion for leave to amend complaint (Doc. # 32).[2] For the reasons set forth below, defendant's motion to dismiss is granted,

and plaintiff's claims are dismissed with prejudice.

### II. Legal Standards

■■■ A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### III. Discussion

In the motion to dismiss, defendants contend that plaintiff's claims of negligence, strict liability and breach of implied warranty are barred because plaintiff failed to file his action within the two-year statute of limitations period provided for under Kansas law.[3] Plaintiff contends, on the other hand, that this action was filed within the applicable statute of limitations period.

■■■ The accident which caused plaintiff's alleged injuries occurred on November 9, 1988. Under normal circumstances, plain-

---

1. In plaintiff's motion to withdraw his motion to amend complaint, plaintiff notes that factual matters have come to his attention that make his amended complaint filed in connection with Doc. # 14 incorrect. Accordingly, plaintiff's motion to withdraw his motion to amend (Doc. # 30) is granted and plaintiff's motion for leave to amend complaint (Doc. # 14) is denied as moot.

2. In his motion for leave to amend complaint (Doc. # 32), plaintiff seeks to amend his original complaint to reflect the fact that he was in the

military service at the time of the accident and was discharged from the service on July 20, 1992. Because, as discussed in this order, the court finds that plaintiff's claims are time-barred under those factual circumstances, plaintiff's motion to amend would be futile and is therefore denied.

3. All the parties agree that Kansas law should apply to plaintiff's product liability claims in this diversity case.

tiff's cause of action would accrue on that date and the two-year statute of limitations provided for in K.S.A. 60–513(a)(4)[4] would begin to run at that time. However, because plaintiff was on active duty in the United States Army at the time the injury occurred, the applicable statute of limitations period was tolled during the period of his military service pursuant to the Soldiers' and Sailors' Civil Relief Act (SSCRA), 50 App.U.S.C. § 501 et seq. The purpose of the SSCRA is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the nation, free from the concerns and burdens of civil litigation. *See* 50 App. U.S.C. § 510. Section 525 of the SSCRA deals with the tolling of statutes of limitation during periods of service. The section provides as follows:

> The period of military service shall not be included in computing any period now or hereafter to be limited by any law, ... for the bringing of any action or proceeding in any court, ... by or against any person in military service ... whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service....

50 App.U.S.C. § 525.

The tolling nature of § 525 is mandatory and not conditional upon any one factor. As such, a state statute of limitations is to be automatically tolled upon evidence of an individual's military service. *See Mason v. Texaco, Inc.,* 862 F.2d 242 (10th Cir.1988); *Bickford v. United States,* 656 F.2d 636, 228 Ct.Cl. 321 (1981). The term "period of military service" is defined as the period beginning on the date on which the person enters active service and ending on the date of the person's release from active service. *See* 50 App.U.S.C. § 511(2).

Plaintiff was released from military service on July 20, 1992. This action was filed on July 21, 1994. Defendants contend that because the action was filed two years and one day after his date of release, the claims are barred by the two-year statute of limitations. Plaintiff, on the other hand, contends that, pursuant to the SSCRA, July 21, 1992 was the first day not tolled for statute of limitations purposes and, because the action was filed on July 21, 1994, which was exactly two years after the initial date on which the statute of limitations began to run, the claims were timely filed.

In *State of Kansas v. Johnson,* 19 Kan. App.2d 315, 868 P.2d 555 (1994), the Kansas Court of Appeals examined the manner of computing the two-year limitations period of K.S.A. 60–513. That case involved an automobile accident which occurred on September 10, 1990. The State filed suit against defendants on September 11, 1992. The court found that the State's action was not timely filed within the two-year statute of limitations period.

The court first noted that K.S.A. 60–206(a) applied to the computation of the statute of limitations. *Id.* at 317, 868 P.2d 555. K.S.A. 60–206(a) in relevant part provides:

> In computing any period of time prescribed or allowed by this chapter ... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.... When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the *method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply.*

The *Johnson* court noted that the day of the event from which the designated period

---

**4.** K.S.A. 60–513(a)(4) provides for a two year limitation period for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated." This section applies to plaintiff's claims of negligence, strict liability and breach of implied warranty. *See Grey v. Bradford–White Corp.,* 581 F.Supp. 725, 728 (D.Kan. 1984); *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788 (1980).

of time began to run was September 10, 1990.[5] The court then applied K.S.A. 60–206(a), which provides that the day of the event giving rise to an action is excluded and the last day of the period is included. The court noted that application of that rule allowed a plaintiff a full last day in order to file an action, which the court found to be September 10, 1992. *Id.* at 319, 868 P.2d 555. The court noted that the only way that 60–206(a) would extend the filing date beyond September 10, 1992 would be if such date was a Saturday, Sunday or legal holiday. The court concluded by stating that "in applying the 'anniversary date' method to this case, we hold that to be timely the State's petition should have been filed within two years of or by September 10, 1992. The State's petition filed on September 11, 1992, is untimely and barred by the statute of limitations." *Id.* at 322, 868 P.2d 555.

■ In the present case, K.S.A. 60–206(a) and the provisions of the SSCRA must be applied when calculating the applicable two-year statute of limitations period. K.S.A. 60–206(a) tells us that the day of the event from which the designated period of time begins to run shall not be included. The event from which the designated period of time begins to run in this case was the date of the accident, November 9, 1988. Thus, that day is not included in the two-year time period calculations. Further, under the provisions of the SSCRA, the limitations period is tolled up through and including plaintiff's period of military service, which was July 20, 1992. Therefore, the first day the two-year statute of limitations period began to run was July 21, 1992. Accordingly, plain-

tiff's action would have to be brought before midnight on July 20, 1994 in order to be timely.[6] Because plaintiff did not file his complaint until July 21, 1994, the court finds it was untimely.[7]

Plaintiff has also brought a claim for what he terms "fraudulent concealment." In his response to defendant's motion to dismiss, plaintiff acknowledges that this claim is what is known in Kansas as fraud through silence. Plaintiff alleges that the defendants knew of the alleged dangers of the heater, were obligated to disclose such information, and did not, causing his injuries.

■ This court finds that plaintiff's "fraudulent concealment," or fraud through silence, theory fails to state a claim upon which relief can be granted. The only cases in Kansas in which fraud through silence claims have been asserted are contract cases wherein one party is alleged to have defrauded another due to its suppression or concealment of facts which it was under a legal duty to communicate, due to its superior knowledge or due to a fiduciary relationship. *See, e.g., DuShane v. Union Nat. Bank,* 223 Kan. 755, 576 P.2d 674 (1978); *Wolf v. Brungardt,* 215 Kan. 272, 524 P.2d 726 (1974). Plaintiff has cited no authority, nor has the court been able to find any authority, that Kansas would recognize a fraud through silence claim in a personal injury context such as is present in this case.

■ In essence, the plaintiff is alleging by the fraudulent concealment theory that the defendants failed to warn him of a known danger associated with the use of

---

5. The *Johnson* court found the application of the statute of limitations in most cases to be a straightforward affair, stating:

Analytically, the statute of limitations is straightforward and not difficult to apply in most cases. Assuming for illustration purposes the accident giving rise to this appeal occurred at 9:00 a.m. on September 10, 1990. According to K.S.A.1993 Supp. 60–513, without considering the effects of K.S.A.1993 Supp. 60–206, plaintiff's action would have to be brought before 9:00 a.m. on September 10, 1992, to be timely.

*State v. Johnson,* 19 Kan.App.2d at 319, 868 P.2d 555.

6. The limitations period began to run on July 21, 1992. Therefore, including that day in the calculations, one year, or 365 days, from that date would be July 20, 1993. The next year, or 365 days, would encompass from July 21, 1993 through July 20, 1994. Thus, July 20, 1994 would mark the expiration of the two-year limitations period.

7. As described in footnote 6, July 20, 1994 represents a two-year period from July 21, 1992. By filing on July 21, 1994, plaintiff waited two years and one day to file his action. This is so because July 21, 1992 through July 20, 1993 is one year; July 21, 1993 through July 20, 1994 is two years; and July 21, 1992 makes an additional day.

their product. Failure to warn is, of course, a well-accepted products liability basis for tort relief in Kansas. *See, e.g., Wooderson v. Ortho Pharmaceutical Corp.*, 235 Kan. 387, 409, 681 P.2d 1038 (1984). A comparison of the elements required for a fraud through silence claim with those necessary for a breach of duty to warn claim reveals virtually total overlap, including knowledge of a condition of which plaintiff is unaware, a duty by the defendant to communicate that condition to the plaintiff, and justifiable reliance by the plaintiff that defendant will communicate the condition.[8] It is the court's conclusion that any claim plaintiff may have regarding defendants' failure to notify him of a danger associated with the use of their products is properly stated as a claim for a breach of defendants' duty to warn.[9] Accordingly, the court finds that plaintiff's "fraudulent concealment" claim fails to state a claim upon which relief and should be dismissed.

## IV. Conclusion

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** plaintiff's motion to withdraw his motion to amend complaint (Doc. # 30) is granted. Accordingly, plaintiff's motion to amend complaint (Doc. # 14) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's subsequent motion to amend complaint (Doc. # 32) is denied.

**IT IS FURTHER ORDERED THAT** defendant's motion to dismiss (Doc. # 6) is granted. All of plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

---

8. *Compare* PIK 2d 13.05 (setting forth the elements of a manufacturer's duty to warn) *with* PIK 2d 14.42 (setting forth the elements of fraud through silence).

9. The statute of limitations for such a claim would begin to run at the same time as plaintiff's other products liability claims, and thus the claim would be time barred.