George W. HAMNER, Jr., Plaintiff,

v.

BMY COMBAT SYSTEMS, a division of Harsco Corporation, a Delaware Corporation, and Stewart–Warner South Wind Corporation, a Delaware Corporation, Defendants.

No. 94–2295–JWL.

United States District Court, D. Kansas.

Jan. 11, 1995.

Brenda L. Head, Davis, Unrein, Hummer, McCallister & Buck, Topeka, KS, for Hamner.

Michael A. Childs, Lawrence P. Warshaw, Brown & James, P.C., Kansas City, MO, Raymond B. Biagini, Ray M. Aragon, Mark J. Meagher, McKenna & Cuneo, Washington, DC, for BMY Combat Systems.

Michael P. Oliver, Karl W. Kuckelman, Karen A. Seymour, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Stewart–Warner South Wind Corp.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This matter is currently before the court on plaintiff George W. Hamner's motion for reconsideration and motion to alter and/or amend judgment (Docs. # 38–1 and 38–2). Defendants have responded and oppose the motion. For the reasons set forth below, plaintiff's motion is denied.

On November 15, 1994, the court issued an order granting defendants' motion to dismiss on the grounds that plaintiff failed to file his action within the applicable two-year statute of limitations time period. 869 F.Supp. 888. The accident from which plaintiff's claims arise occurred on November 9, 1988. The court determined that pursuant to the Soldiers and Sailors Civil Relief Act (SSCRA), 50 U.S.C. § 501 et seq., the statute of limitations period was tolled during plaintiff's period of military service. Plaintiff was released from military service on July 20, 1992. Applying K.S.A. 60–206(a) and the two-year limitations period of K.S.A. 60–513, the court then determined that plaintiff's action would have had to have been brought before midnight on July 20, 1994 in order to be timely. Because plaintiff did not file his complaint until July 21, 1994, the court found it was untimely. In his motion to reconsider, plaintiff contends that the court's calculation of

the statute of limitations time period was erroneous.

## II. Legal Standards

 Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Markets, Inc.*, 869 F.Supp. 895 (D.Kan.1994) (citations omitted); *see also Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990) (motion to reconsider appropriate when the court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party introduces new evidence that could not have been obtained through the exercise of due diligence).[1]

## III. Discussion

Upon review of plaintiff's motion, it is clear that plaintiff does not contend that the court misapprehended a party's position, that there has been an intervening change in controlling law, or that new evidence has become available. Rather, plaintiff merely argues that the court made an error of reasoning. The court disagrees, and finds that its ruling in the original order was correct.

Plaintiff argues that the first day following the period tolled by application of the SSCRA, which was July 21, 1992, should not be included in the calculation of the two-year time period pursuant to K.S.A. 60–206(a). Therefore, plaintiff argues, the two-year time period did not begin to run until July 22, 1992, thus making his filing on July 21, 1994 within the two-year period.

 The court does not believe plaintiff's interpretation is correct. The accident occurred on November 9, 1988. However, the SSCRA served to toll the statute of limitations during the period of plaintiff's military service, which was up to and including July 20, 1992. Therefore, the statute of limitations period began to run on July 21, 1992. The court finds no support to argue, as plaintiff does, that the language of K.S.A. 60–206(a) somehow operates in such a manner that the day of July 21, 1992 should not be included in the calculation. K.S.A. 60–206(a) provides that "the day of the *act, event, or default* from which the designated period of time begins to run shall not be included." (emphasis added). There simply was no act, event, or default that occurred on July 21, 1992. It was merely the first day that the time period began to run following the tolling period provided by the SSCRA.[2] Accordingly, the court finds that K.S.A. 60–206(a) does not operate to exclude the day of July 21, 1992 from the two-year limitations period, and that plaintiff's action was untimely filed for the reasons set forth here and in the court's earlier order.[3]

## IV. Conclusion

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** plaintiff's motion for reconsideration and motion to alter and/or amend judgment (Docs. # 38–1 and 38–2) is denied.

**IT IS SO ORDERED.**

---

1. A motion to alter or amend judgment is essentially a motion for reconsideration. *See Brinkman v. State of Kansas, Dept. of Corrections*, 869 F.Supp. 902 (D.Kan.1994). Therefore, even though plaintiff's motion ostensibly seeks alternate relief in the form of a motion for reconsideration and a motion to alter or amend judgment, the court finds that the same standard applies to both theories of relief.

2. The *event* from which the designated time period began to run was the accident which occurred on November 9, 1988. The designated time period was then tolled by the provisions of the SSCRA up to and including July 20, 1992.

3. In reviewing our earlier order, the court notes that two dates were incorrectly entered in the order. In footnote 6, the date in the first sentence should be July 21, 1992 instead of July 21, 1994. In footnote 7, the second date in the first sentence should also be July 21, 1992 instead of July 21, 1994. These were typographical errors by the court and do not affect the court's reasoning in its earlier opinion.