David BURTON, Plaintiff,

v.

R.J. REYNOLDS TOBACCO CO. and The American Tobacco Co., Defendants.

No. 94–2202–JWL.

United States District Court,
D. Kansas.

Feb. 12, 1996.

Kenneth B. McClain, Gregory Leyh, Nicholas E. Mebruer, Humphrey, Farrington & McClain, Independence, MO, for plaintiff.

Roger D. Stanton, Stinson, Mag & Fizzell, P.C., Overland Park, KS, M. Warren McCamish, Williamson & Cubbison, Kansas City, KS, Stanley D. Davis, John C. Noonan, Teresa L. Clark, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Junius C. McElveen, Jr., Jones, Day, Reavis & Pogue, Washington, DC, Sydney Bosworth McDole, William E. Marple, Thomas C. Pavlik, Clay Alfred Hartmann, Jones, Day, Reavis & Pogue, Dallas, TX, Stephen J. Kaczynski, Michael A. Nims, Paul G. Crist, Jones, Day, Reavis & Pogue, Cleveland, OH, for R.J. Reynolds Tobacco Company, Inc.

Roger W. Warren, James D. Griffin, James M. Warden, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, Bruce G. Sheffler, James Mirro, Peter K. Eck, Nicholas Booke, Chadbourne & Parke, New York City, for The American Tobacco Co.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. INTRODUCTION

Plaintiffs David Burton and Ora Burton filed this lawsuit on May 25, 1994, against defendants R.J. Reynolds Tobacco Company and The American Tobacco Company. Plaintiff alleged several claims, including strict

liability (counts 1, 2, 5, and 10), negligence (counts 3 and 4), express warranty (count 6), fraudulent concealment (count 7), conspiracy (count 8), medical monitoring (count 10), and violation of the Kansas Consumer Protection Act (count 11).

In early 1995, the defendants filed a joint motion to dismiss counts 1–5 and 7–11. In support of their motion, the defendants argued that the majority of the plaintiff's claims were pre-empted by the Federal Cigarette Labeling and Advertising Act of 1969 as discussed in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). On March 13, 1995, this court, relying on *Cipollone*, granted the defendants' joint motion to dismiss the plaintiff's failure to warn claims contained in counts 2, 3, and 4 to the extent that those claims required a showing that the defendants' post–1969 advertising or promotions should have included additional or more clearly stated warnings. *Burton v. R.J. Reynolds Tobacco Co.*, 884 F.Supp. 1515, 1521 (D.Kan.1995). This court, however, held that the fraudulent concealment and conspiracy claims contained in counts 7 and 8 were not pre-empted by the 1969 Act, and thus, the court denied the defendants' motion to dismiss those counts. *Id.* As to counts 7 and 8, the court noted:

> In reaching this conclusion the court finds merely, that based on the *Cipollone* ruling, it is possible that plaintiff can assert viable claims under each of the theories advanced in Counts 7, 8, and 11. Whether such claims ultimately will survive to trial will depend on the particulars of Kansas law regarding fraudulent misrepresentation and concealment.

*Id.* at 1521 n. 4.

This matter is currently before the court on the defendants' joint motion to dismiss plaintiff's fraudulent concealment and conspiracy claims contained in counts 7 and 8 (Doc. # 147). This time, the defendants contend that the claims should be dismissed because Kansas does not recognize a fraudulent concealment claim in a products liability action involving personal injury. For the reasons set forth below, defendant's motion to dismiss is denied.

## II. LEGAL STANDARDS

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

Count 7 of the plaintiff's amended complaint is a fraudulent concealment claim in which the plaintiff contends that the defendants knew that smoking caused cancer and vasculatory disease and yet willfully chose to conceal those facts from the public, including the plaintiff. Count 8 is a conspiracy claim in which the plaintiff contends that the defendants ignored and failed to act upon pertinent medical and scientific data and conspired to deprive the public of such data.

In the motion to dismiss counts 7 and 8, the defendants rely principally on *Hamner v. BMY Combat Sys.*, 869 F.Supp. 888 (D.Kan. 1994). In that case, a passenger in an armored ammunition carrier was injured when the carrier's heater exploded. The passenger sued the manufacturer of the carrier and heater on several theories, including failure to warn and fraudulent concealment. *Id.* at 890. This court granted the defendants' motion to dismiss the failure to warn claim because the plaintiff failed to file his action within the two-year statute of limitations.

*Id.* at 892. As to the fraudulent concealment claim, the court reasoned:

> The only cases in Kansas in which fraud through silence claims have been asserted are contract cases wherein one party is alleged to have defrauded another due to its suppression or concealment of facts which it was under a legal duty to communicate, due to its superior knowledge or due to a fiduciary relationship.... Plaintiff has cited no authority, nor has the court been able to find any authority, that Kansas would recognize a fraud through silence claim in a personal injury context such as is present in this case.

*Id.* (citations omitted). The court, however, recognized that failure to warn is a well-accepted tort theory in Kansas. *Id.* The court then compared the elements required for a fraudulent concealment claim with those for a failure to warn claim and found "virtually total overlap." *Id.* at 893 (citing PIK.2d §§ 13.05, 14.42). Accordingly, the court concluded that "any claim plaintiff may have regarding defendants' failure to notify him of a danger associated with the use of their products is properly stated as a claim for a breach of defendant's duty to warn." *Id.* The court then dismissed the plaintiff's fraudulent concealment claim. *Id.*

Defendants argue that *Hamner* and the present case are indistinguishable. Defendants maintain that, as in *Hamner*, the plaintiff's claim for fraudulent concealment in count 7 is properly stated as a claim for breach of a duty to warn. If so, the defendants assert that count 7 would be barred under *Cipollone* for the same reasons the court dismissed counts 2, 3, and 4 earlier in *Burton*, 884 F.Supp. at 1521. Moreover, the defendants argue that the conspiracy claim in count 8 should be dismissed because Kansas law does not recognize conspiracy as an independent claim. *See Monarch Normandy Square Partners v. Normandy Square Assoc., L.P.*, 817 F.Supp. 899, 908 (D.Kan.1993) ("A civil conspiracy is not actionable without commission of some wrong giving rise to a cause of action independent of the conspiracy."). In essence, the defendants maintain that because the wrong giving rise to the conspiracy claim is fraudulent concealment (which should be dismissed under *Hamner*), the conspiracy claim should also be dismissed.

■ The court finds that *Hamner* and the present case are distinguishable on their facts. In *Hamner*, the plaintiff's fraudulent concealment claim stated that the defendants failed "to communicate to George W. Hamner" that the heater possessed injury-causing capabilities. *Hamner* Complaint (Doc. # 1) ¶ 25, at 8. As a practical matter, the only way the defendants in *Hamner* could have informed Mr. Hamner that the heater was dangerous was by placing warnings on the heater or the ammunition carrier. Accordingly, the plaintiff's claim for fraudulent concealment was actually a case involving a duty to warn. In contrast, in the present case, the plaintiff complained that "RJR and American willfully chose to conceal [that smoking caused adverse health effects] from the public, including plaintiff David Burton." *Burton* Complaint (Doc. # 1) ¶ 40, at 9. In particular, the plaintiff alleged:

> Defendants RJR and American ... were ... in the possession of medical and scientific data indicating that the use of cigarettes was hazardous to the health of consumers, but, because of pecuniary motives, defendants RJR and American ignored and failed to act upon the pertinent medical and scientific data and conspired to deprive the public, and particularly the consumers of the defendants' products, of the pertinent medical and scientific data.

*Burton* Complaint (Doc. # 1) ¶ 45, at 10. Plaintiff alleges that the defendants should have disclosed the hazards of smoking documented by their scientific studies to the general public. Defendants could have accomplished this by disclosing their medical and scientific studies to the medical community for publication or by publishing the information themselves. Defendants had numerous mediums—other than placing warnings on the product itself as in *Hamner*—to tell the public of the dangers of smoking. Thus, this case presents a factual context in which the claims are made that differs from the context in which the claims were made in *Hamner*.

The Supreme Court of Kansas has approved of a fraudulent concealment claim in a

context that is similar to that alleged here in *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, 738 P.2d 1210 (1987). In *Tetuan,* a patient sued a manufacturer of the "Dalkon Shield" intrauterine device for personal injuries. *Id.* at 1215. The court upheld a jury instruction which stated that the manufacturer had a "duty to timely and effectively make [the hazards of the device] known in a way reasonably calculated to reach the women users." *Id.* at 1228. The plaintiff in the present action likewise is alleging that the defendants had a duty to disclose the hazards of smoking by methods reasonably calculated to reach the public.

The plaintiff's allegations of fraudulent concealment in this case, as in *Tetuan,* differ from those in *Hamner* because they deal with ultimate purchasers of a product at retail to whom the defendants sell through various indirect channels. Choices whether or not to purchase and use the product, by the plaintiff and others, could be directly related to disclosures made or not made by the defendants concerning knowledge held only by them and not by the public at large. By contrast, in *Hamner,* the injured party was in no way a person who decided whether or not to use the product; instead, he was one to whom a duty to warn of dangers that might attend the use of the product was owed. Accordingly, the court finds that the defendants' motion to dismiss count 7 is denied. As stated earlier, the plaintiff's conspiracy claim in count 8 is based primarily on a theory that the defendant's conspired fraudulently to conceal the hazards of smoking from the general public. Because the court denies the defendant's motion to dismiss the fraudulent concealment claim, the defendant's motion to dismiss the conspiracy claim is also denied.

## IV. CONCLUSION

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** Defendants' joint motion to dismiss counts 7 and 8 (Doc. # 147) is **DENIED.**

**IT IS SO ORDERED.**