79 F.3d 1156
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George W. HAMNER, Jr., Plaintiff-Appellant,
v.
BMY COMBAT SYSTEMS, a DIVISION OF HARSCO CORPORATION, a
Delaware corporation, and Stewart-Warner South
Wind Corporation, a Delaware
corporation, Defendants-Appellees.
 No. 94-3430.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 1
 Before HENRY, Circuit Judge, McWILLIAMS, Senior Circuit Judge and KERN, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KERN, District Judge.
 
 
 4
 Plaintiff enlisted in the United States Army on July 21, 1988. During the course of his regular duties on November 9, 1988, plaintiff was riding in an armored ammunition carrier manufactured and designed by defendant BMY Combat Systems, and which contained a personnel heater designed by defendant Stewart-Warner South Wind Corporation. The heater allegedly ignited, injuring plaintiff. Plaintiff was honorably discharged on July 20, 1992.
 
 
 5
 On July 21, 1994, plaintiff filed a lawsuit against the defendants in the United States District Court for the District of Kansas. The suit alleged negligence, strict liability, breach of implied warranty of merchantability and fraudulent concealment on the part of Stewart-Warner and BMY. The defendants moved to dismiss the action, asserting plaintiff's claims were time-barred under the applicable statute of limitations. The district court agreed and granted the motion to dismiss. See 869 F.Supp. 888 (D.Kan.1994).[1] After the denial of plaintiff's motion to reconsider, see 874 F.Supp. 322 (D.Kan.1995), the plaintiff timely filed this appeal.
 
 
 6
 We review de novo the granting of a motion to dismiss for failure to state a claim for which relief can be granted. We also review de novo the district court's ruling regarding the applicability of a statute of limitations. Industrial Constructors v. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir.1994). Where the dates on which the pertinent acts occurred are not in dispute, the date a statute of limitations accrues is also a question of law reviewed de novo. Edwards v. International Union, United Plant Guard Workers Local 796, 46 F.3d 1047, 1059 (10th Cir.1995). When federal jurisdiction is invoked on the basis of diversity of citizenship a federal court is to apply the substantive law, including statutes of limitations, which the forum's courts would apply to the claims in issue. Miller v. Armstrong World Industries, Inc., 949 F.2d 1088, 1089 n. 3 (10th Cir.1991).
 
 
 7
 The district court found, and the parties do not dispute, the applicable statute of limitations is K.S.A. 60-513(a)(4), which establishes a two-year limitation period for the claims asserted by plaintiff. The parties likewise do not dispute the district court's conclusion that K.S.A. 60-206(a) applies to the computation of statutes of limitations under Kansas law, citing State ex rel. Quinn v. Johnson, 868 P.2d 555 (Kan.Ct.App.1994). The latter statute provides in pertinent part:
 
 
 8
 In computing any period of time prescribed or allowed by this chapter ... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.... When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply.
 
 
 9
 Since the accident and injury in this case took place on November 9, 1988, ordinarily any lawsuit arising from that event would have needed to be filed within two years of that date. However, plaintiff was in military service at the time of the injury, which implicates a federal statute.
 
 
 10
 The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. §§ 501-593, ("the Act") provides in pertinent part:
 
 
 11
 The period of military service shall not be included in computing any period now or hereafter to be limited by law, regulation, or order for the bringing of any action or proceeding in any court ... by or against any person in military service ... whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service....
 
 
 12
 50 U.S.C.App. § 525. As this court has summarized, "[t]he Act bars any period of military service from being included in computing a statute of limitations for or against a person in the military service." Mason v. Texaco Inc., 862 F.2d 242, 245 (10th Cir.1988). The Act defines "period of military service" as the period beginning on the date on which the person entered active service and ending on the date of the person's release from active service. 50 U.S.C.App. § 511(2). Again, the parties do not dispute, and the district court found, plaintiff's discharge date of July 20, 1992 should not be included in the calculation of the two-year period.
 
 
 13
 The sole dispute in this case involves how the district court made its calculation from that point. Plaintiff argues, as he did below, that since July 21, 1992 was the first day not tolled for statute of limitations purposes, the action was timely filed on July 21, 1994. In ruling to the contrary, the district court relied on the opinion of the Court of Appeals of Kansas in State ex rel. Quinn v. Johnson, 868 P.2d 555 (Kan.Ct.App.1994). In Johnson, an automobile accident took place on September 10, 1990 and the resulting lawsuit was filed on September 11, 1992. The plaintiff argued the statute of limitations began on September 11, 1990 and ended on September 11, 1992 and therefore the suit was timely filed. This argument was rejected, with the court holding the petition "should have been filed within two years of or by September 10, 1992." 868 P.2d at 559.
 
 
 14
 Similarly, the district court below rejected plaintiff's argument and held that the "event" (under K.S.A. 60-206(a)) from which the designated period of time begins to run was the date of the accident, November 9, 1988. The district court continued:
 
 
 15
 Thus, that day is not included in the two-year time period calculations. Further, under the provisions of [the Act], the limitations period is tolled up through and including plaintiff's period of military service, which was July 20, 1992. Therefore, the first day the two-year statute of limitations period began to run was July 21, 1992. Accordingly plaintiff's action would have to be brought before midnight on July 20, 1994 in order to be timely. Because plaintiff did not file his complaint until July 21, 1994, the court finds it was untimely.
 
 
 16
 869 F.Supp. at 892 (footnotes omitted). The district court set forth its calculation, demonstrating, perhaps contrary to first impression, if a two-year statute of limitations begins to run on July 21, 1992, a lawsuit filed on July 21, 1994, is filed one day late. Id. at nn. 6 & 7.
 
 
 17
 Plaintiff contends the "event" which commenced the running of the statute of limitations is his discharge from service, and therefore July 21, 1992--his first day out of service--should be excluded from calculation, making his filing timely. The district court rejected this contention in denying plaintiff's motion to reconsider as follows:
 
 
 18
 There simply was no act, event or default that occurred on July 21, 1992. It was merely the first day that the time period began to run following the tolling period provided by [the Act].
 
 
 19
 874 F.Supp. at 323 (footnote omitted). The district court is correct. The two-year statute of limitations under Kansas law was triggered by the accident which plaintiff suffered. 50 U.S.C.App. § 525 is a tolling provision, which holds matters in abeyance pending completion of military service. To the same effect is Linard v. Pennsylvania R. Co., 181 F.2d 342, 344 (6th Cir.1950): "Accordingly, the statute did not commence running until his discharge from military service on March 6, 1946. The filing of an action by appellant for personal injuries was accordingly barred after March 6, 1948." In the strict sense, the statement in Linard is dicta, because there the lawsuit was not filed until March 22, 1948 and was clearly untimely. However, this court's analysis leads it to the same conclusion. The fact that the present appellant filed his action only one day late makes the governing law appear harsh, but it is no less binding.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Terry C. Kern, United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 The district court also concluded plaintiff's fraudulent concealment claim failed to state a claim under Kansas substantive law. 869 F.Supp. at 892-93. Plaintiff has not appealed this conclusion