Rebecca A. PAINTER, Appellant
(Plaintiff),

v.

GENERAL MOTORS CORPORATION,
Appellee (Defendant).

No. 97–253.

Supreme Court of Wyoming.

Feb. 24, 1999.

Nicholas H. Carter, of Carter Law Office, Gillette, Wyoming, Representing Appellant.

Misha E. Westby, of Hirst & Applegate, Cheyenne, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

Does the statute of limitations set forth in Wyo. Stat. Ann. § 34.1–2–725(b) (Michie 1997), a part of Wyoming's adoption of the Uniform Commercial Code (UCC), begin to run on the date of delivery of a motor vehicle or on the date of discovery of the alleged breach? This is the only question presented by Rebecca A. Painter (Painter) in her appeal. Painter's 1991 GMC "Jimmy" was destroyed when it first exploded and then caught fire while being driven by Painter's mother-in-law. The district court granted a motion for summary judgment filed by General Motors Corporation (General Motors), ruling that the warranty of the "Jimmy" did not explicitly extend to future performance of the motor vehicle so that discovery would have to await the time of future performance. We hold that the ruling of the district court

* Chief Justice at time of oral argument; retired November 2, 1998.

was correct, and the Order and Judgment Granting Defendant's Motion for Summary Judgment and Dismissing Case With Prejudice is affirmed.

In the Brief of Appellant, filed by Painter, the issue is stated in this way:

I. Did the District Court err in granting Defendant's Motion for Summary Judgment and finding that the statute of limitations for breach of warranty was four years from the date of delivery as opposed to four years from the date of discovery of the alleged breach pursuant to W.S. 34.1–2–725?

General Motors, in its Brief of Appellee, by repeating identical language, accepts the issue stated by Painter.

On April 8, 1991, Painter purchased the "Jimmy" from Rolly Creech, who had originally acquired it from a dealer on September 28, 1990. The vehicle was covered by a three-year, 50,000 mile "bumper to bumper" warranty. On December 22, 1991, the "Jimmy" was being driven by Painter's mother-in-law, who heard a loud explosion, pulled the vehicle into the emergency lane, and stopped. The vehicle burst into flames immediately, and it was destroyed in the fire. The odometer reading at that time was approximately 14,500 miles. Painter filed her action against General Motors on December 20, 1995, more than four years after delivery of the vehicle, but two days short of four years after the explosion and fire. Painter initially asserted claims for negligence, strict liability, and breach of warranty.

After answering Painter's complaint, General Motors filed its motion for summary judgment in which it asserted that a claim for pure economic loss does not lie on a theory of negligence or strict liability, leaving only the breach of warranty claim before the district court. General Motors argued that the statute of limitations for the breach of warranty claim is four years and begins to run on the date of delivery. General Motors claimed that the district court should grant its motion because Painter had not filed her complaint within four years, but actually had filed it one year and three months after the statute of limitations had run. Painter filed a Plaintiff's Traverse and Memorandum in Opposition to Defendant's Motion for Summary Judgment, in which she conceded that the theories of strict liability and negligence were not valid and that the only claim for the district court to address was the claim for breach of warranty. She asserted that the action for breach of warranty based upon the sale of the motor vehicle started to run four years after the cause of action had accrued, and she premised her argument on her analysis of the "bumper to bumper" warranty, which she argued is a future performance warranty not a service warranty.

The district judge held a hearing on General Motors' motion for summary judgment and took it under advisement. The district judge later ruled that the warranty relied upon by Painter was a service warranty and not a warranty of future performance. The effect of the district judge's ruling is that the four-year statute of limitations found in Wyo. Stat. Ann. § 34.1–2–725(a) commenced running on the date of delivery. In arriving at the determination that the action accrued at the time of delivery on September 28, 1990, not on December 22, 1991, the date the vehicle was destroyed, the judge relied on *Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 545 P.2d 371 (1976). The district judge then granted summary judgment in favor of General Motors, which was entered on July 25, 1997.

Painter maintains her argument before this court contending the four-year statute of limitations started to run on the date of the explosion and fire. General Motors is consistent in its argument, asserting that the four years began to run on the date of delivery of the vehicle. Wyoming has adopted the statute of limitations found in the UCC for breach of a warranty in sales cases, and it is set forth in Wyo. Stat. Ann. § 34.1–2–725(b), which provides:

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made,* except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when

the breach is or should have been discovered.

(Emphasis added.) The sale of the "Jimmy" to Painter comes within the sales provisions of the UCC, and our analysis of the law confirms the position of the district court in granting summary judgment to General Motors. The correct interpretation of the foregoing statute is the key to the resolution of this case.

The facts in *Voth* were similar to those presented by this case. Relying on a twelve-month or 12,000 mile warranty for defects in material and workmanship, and a five-year or 50,000 mile warranty on the engine and power train, and arguing that the warranty upon which he relied extended to future performance, Voth filed a complaint more than four years after delivery of the vehicle to him. *Voth,* 545 P.2d at 373–74. The Kansas court recognized that the controlling concern was whether the warranty came within the future performance exception of Kan. Stat. Ann. § 84–2–725(2), which is identical to subsection (b) of Wyo. Stat. Ann. § 34.1–2–725. *Voth,* 545 P.2d at 375. The Kansas court analyzed the specific language of the warranty, and held that the statutory exception requires, "that the warranty must explicitly extend to future performance **and** further that discovery of the breach must await the time of such performance." *Voth,* 545 P.2d at 376 (emphasis in original). Voth offered the same argument that Painter makes, that the defect existed at the time of the sale but was not discoverable until some time after the sale. The Kansas court rejected this argument and adopted the position of Chrysler stating, "there is nothing concerning the discovery of an alleged defect which caused the malfunction * * * which **must await** future performance." *Voth,* 545 P.2d at 376 (emphasis in original). The court held that the breach occurred on the date of the sale, and, therefore, the claim had to be brought within four years from the date of the purchase.

■ Painter argues that the warranty in issue here, a three-year, 50,000 mile, "bumper to bumper" warranty, obviously applies to future performance of the product. This contention is misplaced. In *Connor v. Bo-*

*grett,* 596 P.2d 683, 688 (Wyo.1979), we said "an express warranty of future performance of the goods must be explicit, and it follows logically that all warranties of future performance of goods should be explicit." The opinion in *Connor* continues to define "explicit" as "that which is so clearly stated or distinctly set forth that there is no doubt as to its meaning." *Connor,* 596 P.2d at 688. In extending a warranty to Painter, General Motors provided for future repairs, but it did not warrant performance without malfunction during the term of the warranty. Instead of an explicit warranty extending to future performance of the "Jimmy," General Motors simply recognized that there may be problems in the future which it would be responsible for correcting. That is not the equivalent of an express warranty as defined in *Connor. See also Mountain Fuel Supply Co. v. Central Engineering & Equipment Co.,* 611 P.2d 863, 870 (Wyo.1980).

In *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334 (Wyo.1986), we had occasion to address the issue of future warranties in the context of the accrual of the statute of limitations. That case involved serious personal injuries rather than property damage. We said:

Section 2–725 was not intended to punish plaintiffs who allow their claims to grow stale. Instead, it was enacted to govern the out-of-court commercial conduct of sellers * * * to permit sellers to discard their warranty records within a reasonable time after sale * * *.

*Ogle,* 716 P.2d at 340. In *Ogle,* 716 P.2d at 340, we specifically adopted the official comment to Section 2–725 of the UCC, which states a purpose:

To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred.

Wyo. Stat. Ann. § 34.1–2–725 off. cmt. This purpose would be frustrated by the adoption of Painter's contention.

Painter relies upon *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818 (8th Cir.1983). That case is distinguishable, however, because the court specifically said, "Shatterproof expressly warranted to appellants that for a period of twenty years vision and spandrel panels supplied by Shatterproof would be free from defects * * *." *R.W. Murray Co.*, 697 F.2d. at 822. That understanding of the warranty language permitted the appellants to satisfy the exception to the UCC providing that, " '[a] breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods* * * *.' " *R.W. Murray Co.*, 697 F.2d at 822 (*quoting* Mo. Ann. Stat § 400.2–725(1) (Vernon 1965) (identical to Wyo. Stat. Ann. § 34.1–2.725(b)) and emphasis in original). The facts as presented by Painter and General Motors do not warrant a conclusion that the warranty explicitly extended to future performance.

■ Painter also relies on *Grey v. Bradford–White Corp.*, 581 F.Supp. 725 (D.Kan. 1984). While *Grey* addresses the issue of express warranties and the statute of limitations and speculates as to how the Kansas court might rule in the future, *Grey* does not overrule *Voth*. The validity of *Voth* as a decision of the Supreme Court of Kansas stands. In any event, in reaching his decision, the judge in *Grey* premised it on tort rather than contract law. Both the United States Court of Appeals for the Tenth Circuit in *Winchester v. Lester's of Minnesota, Inc.*, 983 F.2d 992 (10th Cir.1993) and our Court in *Ogle* recognized that where the recovery which is sought is purely economic, the appropriate remedy is in contract, not in tort. That is a key distinction from *Grey*, and as the United States Court of Appeals for the Tenth Circuit stated, "[t]he economic losses occasioned by a qualitative defect 'that precludes the product from being fit for its intended use or functioning as expected for the purpose it was designed,' * * * are not recoverable in tort." *Winchester*, 983 F.2d at 996.

■ The Wyoming legislature adopted UCC § 2–725 without change, and in the absence of any legislative enactment that provides otherwise, the plain language of the statute must control. Like the claims in *Ogle*

and in *Voth*, Painter's cause of action arose when the breach occurred, which was the date of the delivery, not the date of the explosion and fire. Painter clearly did not file her complaint within the four-year period provided in Wyo. Stat. Ann. § 34.1–2–725, and she is precluded from recovering from General Motors. The case does not fall under the statutory exception because the warranty did not explicitly extend to future performance of the "Jimmy."

■ In summary, Painter's claim for purely economic loss limits her to a contract remedy under the UCC. A "bumper to bumper" warranty that does not explicitly extend to future performance is merely a "repair and replace" warranty under the UCC. The acknowledgment by General Motors of the possibility of future problems does not make the "bumper to bumper" warranty one that explicitly extends to future performance. The statute of limitations starts to run in such an instance on the date of the delivery pursuant to Wyo. Stat. Ann. § 34.1–2–725(b). Painter did not file her complaint within that four-year period.

The Order and Judgment Granting Defendant's Motion for Summary Judgment and Dismissing Case With Prejudice is affirmed.